**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs*

**CITY OF RENO**
Reno City Attorney
Karl Hall
Assistant City Attorney
Jonathan Shipman, Nev. Bar No. 5778
Deputy City Attorney
William E. Cooper, Nev. Bar No. 2213
Deputy City Attorney
William J. McKean, Nev. Bar No. 6740
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
shipmanj@reno.gov
cooperw@reno.gov
mckeanw@reno.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE CASTELLANOS, LAUREN COURTNEY, RACHAEL JASPER, BRIANNA MORALES, VICTORIA RACHET, LILY STAGNER, NATALEE WELLS, CECELIA WHITTLE and MARYANN ROSE BROOKS, on behalf of herself and all others similarly situated,<br><br>    Plaintiff(s),<br><br>    v.<br><br>CITY OF RENO and MICHAEL CHAUMP, in his official capacity as Business Relations Manager of Community Development and Business Licenses for the CITY OF RENO and DOES 1 through 10, inclusive,<br><br>    Defendant(s). | Case No.: 3:19-CV-0693-MMD-CLB<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

Pursuant to FRCP 26(c), an in order to protect the confidentiality of confidential, private, and personal information obtained by the Parties in connection with this case, the Parties hereby agree to the entry of this Stipulated Protective Order submitted by Plaintiffs, CATHERINE CASTELLANOS, LAUREN COURTNEY, RACHAEL JASPER, BRIANNA MORALES, VICTORIA RACHET, LILY STAGNER, NATALEE WELLS, CECELIA WHITTLE and MARYANN ROSE BROOKS, on behalf of herself and all others similarly situated and Defendants CITY OF RENO and MICHAEL CHAUMP, in his official capacity as Business Relations Manager of Community Development and Business Licenses for the CITY OF RENO (hereinafter the "Parties"), herby submit this proposed Stipulated Protective Order for the purpose of ensuring that confidential information exchanged during discovery or potentially submitted to the Court by the Parties is not disclosed to or used for any purpose outside of the above captioned lawsuit. Accordingly, the Parties, hereby stipulate, subject to approval and entry by the Court, to the following:

**STIPULATED PROTECTIVE ORDER**

1. It is hereby stipulated, agreed and understood by the Parties to this action, by and through their undersigned counsel of record, that in the course of this litigation a party may produce documents and information that are claimed to be confidential and/or proprietary, and may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights. Public disclosure of such information could be detrimental to the producing party's and or non-producing party's interest. Similarly, such confidential information may be disclosed by written discovery, deposition testimony or in other filings with the Court. The Parties accordingly submit this Stipulated Protective Order for the approval and enforcement of the Court and hereby stipulate as follows:

2. In this Stipulated Protective order, the words set forth below shall have the following meanings:

   a. "Court" means this Court, and any judge to which the Proceeding assigned, including Court staff participating in such proceedings.

b. "Confidential" means any Information that the Designating Party believes in good faith is entitled to confidential treatment under the applicable law.

c. "Confidential Materials" means any Documents, Testimony or Information designated as "Confidential" pursuant to the provisions of this Stipulated Protective Order.

d. "Designating Party" means the party or non-party that designates materials as Confidential.

e. "Disclose" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

f. "Documents" includes written, reported, or graphic matter, however, stored, produced, or reproduced, including, but not limited to, testimony at depositions upon oral examination or upon written questions, answers to interrogatories, information obtained from the inspection of premises, tangible objects, or documents, answers to requests for admission and anything that is a "writing" under the applicable rule of evidence, and includes information set forth in responses to discovery requests, and deposition testimony, any material produced during discovery or otherwise and any copies, reproductions or summaries of all or any part of the foregoing.

g. "Information" means the content of Documents or Testimony.

h. "Proceeding" means the above entitled matter Case No.: 3:19-CV-0693-MMD-CLB.

i. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

3. Any party shall have the right to designate as "confidential" any Document, responses to discovery, Testimony or Information which the Designating Party considers in good faith to contain non-public information that is entitled to confidential treatment under applicable law.

4. A party shall have the right to designate portions or the entirety of the Testimony at deposition as "Confidential" before the deposition is concluded with the right to identify

more specific portions of the Testimony as to which protection is sought within 30 days of the receipt of the deposition transcript. Any other party may object to such designation in writing or on the record. Upon such objection the Parties shall follow the procedure described in paragraph 10 of this Stipulation set forth below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 10 below.

5. All confidential materials produced or exchanged in the course of this case other than information that is publicly available shall not be used for any purpose other than the prosecution or defense of this matter.

6. Except with the prior written consent of other parties or upon prior order of this Court obtained upon notice to opposing counsel, materials designated as "confidential" shall not be disclosed to any person other than the following persons:

   a. the Court and Court personnel as allowed or directed by the Court, as well as any mediator or settlement judge that may be retained by the Parties or assigned by the Court; provided, however , that a party seeking to file "Confidential Materials" in connection with any motion must file a motion to seal pursuant to applicable rules;

   b. the Parties, including any officer of employee of a party, to the extent deemed necessary by legal counsel for the prosecution or defense of this litigation;

   c. outside legal counsel for the Parties, and those attorneys' respective employees and agents as necessary for the preparation of this action for trial;

   d. certified court reporters and videographers transcribing or filming deposition or testimony involving such Confidential Materials;

   e. experts or consultants retained for the prosecution or defense of this litigation, provided that each such person agrees to not disclose any such confidential information to any third party and to return or destroy any such information received during the course of this litigation upon the conclusion of the litigation;

**STIPULATED PROTECTIVE ORDER**

   f. a non-party witness who may be examined and may testify concerning such Confidential Material if (1) it appears on its face or from other documents that the witness is the author or recipient of the Confidential Material or (2) the witness had access to the Confidential Material during his or her former employment.

  7. Any persons receiving Confidential Materials shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

  8. Unless otherwise permitted by statute, rule or prior court order papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the Court's electronic filing procedures.

  9. A party may designate as "Confidential" documents or discovery materials produced by a non-party providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

  10. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party who designated the material.  The party who designated the material as confidential shall have twenty-five (25) days from the receipt of such written notice to apply to the court as confidential.  The party seeking the order has the burden of establishing that the documents are entitled to protection.  Notwithstanding any challenge to the designation of material as confidential, all such documents shall be treated as confidential material until one of the following occurs: (a) the Designating Party withdraws the designation in writing; (b) the Designating Party fails to apply to the Court for an order designating the material confidential with the time period specified above after the receipt of a challenge to such designation; of (c) the Court rules the material does not qualify as confidential material.

  11. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial.  The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

12.     The inadvertent production by any of the undersigned Parties to this proceeding without a designation of "confidential shall be without prejudice to any claim that such item constitutes "confidential Material and such party shall not be held to have waived any rights by such inadvertent production. In the event that any Confidential Document, Testimony, or Information is inadvertently produced without such designation, the party that inadvertently produced the documents shall give written notice of such inadvertent production without (20) days of the discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as Confidential.  Upon receipt of such notice all other parties shall promptly destroy the inadvertently produced document, testimony or information.  This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality due to the inadvertent production such law shall govern.

13.     The entry of the Stipulated Protective Oder does not alter, waive, modify or abridge any right, privilege or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine or other privileges or any party's right to contest any such assertion.  Nothing herein shall affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work produce protection.

14.     All provisions of the Order restricting the communication or use of Confidential Materials shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential Material, other than that which is contained in pleadings, correspondence, and deposition transcripts shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party who provided such information, or (b) destroy such documents within thirty (30) days of the conclusion of the litigation.

15.     This Protective Order shall not prevent any party from asserting that the confidential nature of any material bars production of any such material, notwithstanding this

agreement.  In such circumstances, the material will not be required to be produced absent a properly filed motion to compel, granted by the Court.  If the Court grants such a motion to compel, any material disclosed will be subject to the protection of this Protective Order, in addition to any other protection provided in the Court's order.

Respectfully submitted,

Dated:  February 21, 2020

THIERMAN BUCK, LLP

*/s/Mark R. Thierman*
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
*Attorneys for Plaintiffs*

Dated:  February  21, 2020

RENO CITY ATTORNEY

*/s/  William J. McKean*
Karl Hall
Jonathan Shipman, Nev. Bar No. 5778
William E. Cooper, Nev. Bar No. 2213
William J. McKean, Nev. Bar No. 6740
Post Office Box 1900
Reno, NV 89505
*Attorneys for Defendants*

### ORDER

**GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated this _____ day of _____, 2020.

_____
UNITED STATES MAGISTRATE JUDGE