**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs*

**CITY OF RENO**
Reno City Attorney
Karl Hall
Assistant City Attorney
Jonathan Shipman, Nev. Bar No. 5778
Deputy City Attorney
William E. Cooper, Nev. Bar No. 2213
Deputy City Attorney
William J. McKean, Nev. Bar No. 6740
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
shipmanj@reno.gov
cooperw@reno.gov
mckeanw@reno.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE CASTELLANOS, LAUREN COURTNEY, RACHAEL JASPER, BRIANNA MORALES, VICTORIA RACHET, LILY STAGNER, NATALEE WELLS, CECELIA WHITTLE and MARYANN ROSE BROOKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF RENO and MICHAEL CHAUMP, in his official capacity as Business Relations Manager of Community Development and Business Licenses for the CITY OF RENO and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.: 3:19-CV-0693-MMD-CLB<br><br>**JOINT CASE MANAGEMENT REPORT, INCLUDING STIPULATED DISCOVERY PLAN AND SCHEDULE ORDER** |

Plaintiffs CATHERINE CASTELLANOS, LAUREN COURTNEY, RACHAEL JASPER, BRIANNA MORALES, VICTORIA RACHET, LILY STAGNER, NATALEE WELLS, CECELIA WHITTLE and MARYANN ROSE BROOKS, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), by and through their counsel of record THIERMAN BUCK, LLP, and Defendants CITY OF RENO and MICHAEL CHAUMP (hereinafter "Defendants"), by and through their counsel of record, RENO CITY ATTORNEYS OFFICE, met and conferred pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule ("LR") 26-1 on February 6, 2020. Mark R. Thierman and Leah L. Jones were present for Plaintiffs and William Cooper and William McKean were present for Defendants. The Parties hereby respectfully submit this Case Management Report with Stipulated Discovery Plans and Schedule Order in anticipation of the March 2, 2020 telephonic case management conference before the Honorable Magistrate Judge Baldwin. (*See* ECF No. 13.)

## I. SHORT STATEMENT ABOUT THE NATURE OF THE CASE, INCLUDING A DESCRIPTION OF EACH CLAIM AND DEFENSE

Plaintiffs CASTELLANOS, COURTNEY, JASPER, MORALES, RACHET, STAGNER, WELLS, and WHITTLE allege they are female interactive cabaret performers who are between the ages of 18 and 21 years of age, and who are lawfully licensed to dance topless as strippers at adult interactive cabarets licensed by the City of Reno; these venues serve alcohol to their customers. Plaintiff BROOKS alleges she is a female patron of adult interactive cabarets who is between the ages of 18 and 21 years of age. On May 8, 2019 the City of Reno passed amendments to Reno Municipal Code ("RMC"), Chapters 4 and 5 restricting dancers between the ages of 18 and 21 from performing in lawfully licensed adult interactive cabarets that serve alcohol, as well as restricting patrons between the ages of 18 and 21 years of age from attending performances in lawfully licensed adult interactive cabarets that serve alcohol.[1] Plaintiffs allege that as a result, each Plaintiff Dancer has lost and will continue

---

[1] RMC 5.06.080(b) as amended states: No person, whether patron, performer, or otherwise, under the age of eighteen years shall be admitted to, or permitted to remain on the premises of, an adult interactive cabaret. No person, including employees and performers, under the age of twenty-one years shall be admitted to, or allowed to remain on the premises of, an adult interactive cabaret wherein alcohol is provided, served, sold, or consumed.

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

to lose substantial income because they are not being allowed to work as a stripper dancing topless at one of more of the licensed adult interactive cabarets licensed by the City of Reno. And, Plaintiffs allege that as a result, Plaintiff Patron Brooks has suffered and continues to suffer violations of her First Amendment rights because she is unable to view such performances.

Plaintiffs' Complaint is filed as a putative class action pursuant to FRCP 23 on behalf of three classes: (A) "***All Under 21 Dancers Class***" consisting of all Adult Interactive Cabaret Performers who are between the ages of 18 and 21 years of age and who have a work card and/or license as required under any provision of the RMC to work as an Adult Interactive Cabaret Performer; (B) "***All Female Dancers Class***" consisting of all female Adult Interactive Cabaret Performers who were required to pay a fee to the City of Reno as a condition of dancing topless at a time that male strippers who danced topless were not required to pay such fees; and (C) "***All 18 to 21 Year Old Patrons Class***" consisting of all patrons between the ages of 18 to 21 who are prevented from exercising their First Amendment Right to freedom of association.

Plaintiffs' Complaint seeks injunctive relief and restitution for violations of Plaintiffs' United States Constitution First, Fourth, and Fifteenth Amendment rights through four (4) causes of action. *See* ECF No. 1, generally. First, Plaintiff Dancers allege violation of RMC Chapters 4 and 5 of Plaintiffs' Equal Protection rights based on gender discrimination because the RMC does not require male strippers to pay for or submit to the same licensing requirements required of female strippers. Plaintiffs are required by the newly enacted RMC Sec. 5.05.012(a) to obtain an adult interactive cabaret work card, have fingerprints and photo taken prior to work, submit to a background investigation, as well as maintain a license initially costing $390.00, among other reporting requirements of the actual adult interactive cabarets. Moreover, Plaintiff Dancers are subject to, up to a 30-day delay through this process. The RMC does ***not*** include any of these requirements for male strippers or venues at which male strippers perform. Plaintiffs allege that the provisions of RMC Chapters 4 and 5 are not narrowly tailored to meet a specific legitimate *or* compelling government interest and are

therefore unlawful. Plaintiffs seek: (a) injunctive relief; (b) an order declaring unconstitutional the amendments to RMC 5.06.005 through 5.06.100; (c) an order awarding compensatory relief, restitution and disgorgement of all fees; (d) reasonable attorneys' fees; and (e) any further relief the court may deem just.

Second, all Plaintiffs allege violations of Equal Protection based on age discrimination. Plaintiff Dancers allege that the RMC's restrictions unlawfully discriminate against females between the ages of 18 and 21 years of age. The enactment of RMC Chapter 4 and 5 deprives Plaintiff Dancers of their First Amendment and Equal Protection rights to perform topless in a lawfully licensed adult interactive cabaret that serves alcohol compared to (1) other 18 to 21 year olds who are not prohibited from dancing topless at adult cabarets that do not serve alcohol, (2) other performers who are over the age of 21 and who dance topless at lawfully licensed adult interactive cabarets whether they serve alcohol or not, and (3) males who are 18 years and older who are permitted to dance topless without payment and fees and regardless of whether or not the venue serves alcohol. Plaintiff Patron alleges that the RMC's restrictions unlawfully discriminate against persons who wish to view performances at lawfully licensed adult interactive cabarets that serve alcohol but do not make such limitations for all other Reno venues that serve alcohol. All Plaintiffs allege that the provisions of the RMC are not narrowly tailored to meet a specific legitimate *or* compelling government interest and are therefore unlawful. Plaintiffs seek: (a) temporary and (b) permanent injunctive relief; (c) an order declaring RMC 5.06.080(b) unconstitutional; (d) order for compensatory relief for the loss of income; (e) reasonable attorneys' fees; and (f) any further relief the court may deem just.

Third, Plaintiff Dancers allege RMC Chapters 4 and 5 amount to a regulatory taking without just compensation and violate Plaintiff Dancers due process rights pursuant to NRS 237.080 *et seq.* because the Reno City Council enacted the changes to the RMC without taking into consideration the significant economic burden (100% loss of income for the Plaintiff Dancers) and the lawfully licenses adult interactive cabarets where they perform in violation of NRS 237.090 and 237.100(2)(a), and even after Plaintiffs timely filed an objection. The enactment of RMC 5.06.080(b) deprives Plaintiff Dancers of their property interest in their

license and Reno Police Work Card as an adult interactive cabaret performer and the income expected without just compensation. Plaintiffs are required by the newly enacted RMC Sec. 5.05.011 – 5.05.012 to obtain an adult interactive cabaret work card, have fingerprints and photo taken prior to work, submit to a background investigation, as well as maintain a license initially costing $390.00. Moreover, Plaintiff Dancers are subject to, up to a 30-day delay through this process. The RMC does ***not*** include these requirements for male strippers. Plaintiffs seek: (a) compensatory damages in the amount of $15 million according to proof; (b) reasonable attorney's fees and costs as allowed by statute; and (c) an order awarding such further relief as the court may deem just.

Fourth, the enactment of RMC sections 5.06.050 through 5.06.110 inclusive was in violation of NRS 237.080 and 237.090 and thus is a denial of all Plaintiffs' due process rights. The Reno City Council found that the ordinances at issue were subject to the requirements of NRS Chapter 237's Business Impact Statement process, whereby the City of Reno was required to prepare a business impact statement including a statutorily mandated adverse impact to stakeholders, *i.e.* the under 21 Plaintiffs and the lawfully licensed adult interactive cabarets. Defendants also failed to consider any adverse impacts 10 days prior to any vote, even after the Plaintiffs filed an objection setting forth impacts estimated at nearly $10 million for the Plaintiff Dancers and nearly $1.6 million for the cabarets. *See* Exhibit B to the Complaint. Moreover, Defendants failed to consider less costly alternatives to the RMC in violation of the NRS 237.100(2) and thus relied on a defective BIS. Plaintiffs seek: (a) an order declaring void the amendments to RMC Chapter 5.06; (b) reasonable attorneys' fees and costs as allowed by statute; and (c) an order awarding such further relief as the court may deem just.

Defendants deny the allegations in the Complaint and in response thereto, have asserted the following Affirmative Defenses: (1) Plaintiffs fail to state a claim upon which relief can be granted; (2) Plaintiffs are precluded from relief under the doctrine of laches; (3) Plaintiffs are precluded from relief because of Plaintiffs' own actions herein; (4) This Court lacks subject matter jurisdiction over Plaintiffs' claims; (5) Plaintiffs' action is not ripe for review; (6) Plaintiffs lack standing to assert claims against Defendants in this Court; (7) Plaintiffs have

failed to exhaust their administrative remedies; (8) Plaintiffs cannot meet the class certification requirements; (9) Plaintiffs' allegations concern conduct specifically regulated under federal and/or Nevada law; (10) Plaintiffs have failed to allege a duty under federal and/or Nevada law; (11) Plaintiffs have assumed the risk; (12) Plaintiffs' claims are barred by the doctrine of estoppel; (13) Plaintiffs' claims are barred by the doctrine of waiver and release; (14) At all times and places relevant hereto Defendants and their agents or employees acted in good faith, with justification, with probable cause and without malice toward the Plaintiffs.  All acts and conduct of the Defendants and their agents and employees were within the jurisdiction of their official authority and were done by virtue of and under the laws of the State of Nevada; (15) Plaintiffs' claims against Defendants are barred in whole or in part by Plaintiffs' failure to take reasonable steps to mitigate, reduce, or diminish the damages allegedly sustained. Any recovery is accordingly barred or diminished; (16) Plaintiffs' claims are barred by unclean hands; (17) Each purported claim for relief or alleged remedy is barred by the applicable statute of limitations; (18) Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. Section 201 et seq. and Nevada Revised Statutes Chapter 608.; (19)  The Nevada Legislature enacted NRS 202.030 and NRS 202.060 to protect the health and morals of persons under the age of 21 years by prohibiting them from frequenting establishments where alcoholic beverages are sold and consumed.  Accordingly, persons under the age of 21 years who perform as Adult Interactive Cabaret Performers in an Adult Interactive Cabaret, as defined under Reno Municipal Code 5.06.11, where alcoholic beverages are served and consumed on the premises violate both the letter and intent of NRS 202.030 and NRS 202.060; (20) The amendments to the Reno Municipal Code that are at issue in Plaintiffs' Complaint were designed to combat the undesirable secondary effects of adult businesses rather than their message.  The City of Reno relied upon evidence that it reasonably believed to be relevant to demonstrate a connection between the speech regulated and the secondary effects that motivated the adoption of the amendments.  The amendments serve a substantial government interest under the City of Reno's police power to protect the health, safety and welfare of the public.  The amendments are narrowly tailored to serve that interest and do not

unreasonably limit alternative avenues of communication; and (21) As a government official, Defendant Chaump is entitled to qualified immunity. Qualified immunity protects a government official from personal liability and the burden of having to go to trial.

The Parties hereby submit the following Joint Stipulated Discovery Plan and Scheduling Order including the Party's competing position on each point in dispute.

## II.   JURISDICTION BASES FOR THE CASE

Pursuant to 42 U.S.C § 1983, this Court has original jurisdiction over the claims alleged for violation of the Plaintiffs' civil rights to free speech, free association, due process and equal protection of the law under the First, Fifth and Fourteenth Amendment to the United States Constitution. Additionally, the venue is proper in the Northern Division of the District of Nevada as all Defendants are located within the City of Reno, Nevada.

## III.   ADDITIONAL PARTIES AND AMENDMENT OF THE PLEADINGS

None at this time. The Parties reserve the right to add parties and amend the pleadings pursuant to the FRCP and deadlines approved by the Court.

## IV.   MOTIONS PENDING BEFORE THE COURT

There are no motions pending before the Court at this time.

## V.   RELATED CASES

Plaintiffs' position is that there are no related cases pending before the court at this time. Plaintiffs further assert that Defendants' position below is incorrect because the cases specified were filed pursuant to the federal Fair Labor Standards Act ("FLSA") and thus their employment relationship with the adult interactive cabarets has no legal effect on the claims alleged in this Complaint.

Defendants' position is that the following three collective or class action cases are related because some or all of the putative plaintiff dancers in those cases are or may be members of the putative class of Plaintiff Dancers in this case, and a determination of their status as employees in these related cases would negate some of the claims in this case. *See, e.g.,* Complaint ¶ 24 (per RMC 5.06.11(a)(1) an adult interactive cabaret performer must obtain a business license if they are a subcontractor).

1. *Clarissa Harris, individually and on behalf of all others similarly situated v. Diamond Dolls of Nevada, LLC dba the Spice House, Kamy Keshmiri, and Jamy Keshmiri, U.S. District Court of Nevada, Case No. 3:19-cv-00598-RCJ-CLB:* This related case was filed on September 25, 2019, as a collective action on behalf of dancers that work at the Spice House alleging that for the past three years they have been unlawfully classified as "independent contractors," when in fact they are employees.

2. *Marlonesha Becker v. Kamy Keshmiri, Jamy Keshmiri, and Fantasy Girls, LLC, U.S. District Court of Nevada, Case No. 3:19-cv-00602-LRH-WGC:* This related case was filed on September 30, 2019, as a collective action on behalf of dancers that work at Fantasy Girls alleging that for the past three years they have been are unlawfully classified as "independent contractors," when in fact they are employees.

3. *Jane Doe Dancers I, II and III, individually and on behalf of class of similarly situated individuals v. FQ Men's Club et. al, Second Judicial District Court, CV16-02455:* This related case was filed on December 1, 2016, as a class action for a putative class of dancers that work at the Men's Club (aka French Quarter) that have been unlawfully classified as "independent contractors," when in fact they are employees.

## VI. PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER

### A. FRCP 26(f) and Initial Disclosures

*Meet and Confer:* The Parties held their FRCP 26(f) conference telephonically on February 7, 2020. Mark R. Thierman and Leah L. Jones were present for Plaintiffs and William Cooper and William McKean were present for Defendants.

*Initial Disclosures:* Initial disclosures pursuant to FRCP 26(a)(1)(A) will be disclosed by each Parties no later than 14 calendar days after the Court enters an Order approving the proposed discovery plan and scheduling order.

*Subjects upon which Discovery may be had:* Discovery will be needed on all matters set forth in the operative Complaint.

*Discovery Disputes:* The Parties agree to take all reasonable steps to prevent protracted discovery disputes regarding the discovery previously disclosed and discovery yet to be

disclosed. The Parties affirm their requirement to meet and confer prior to involving the Court in any discovery disputes.

### B. Limitations on Discovery

The Parties do not request any changes to the limitations imposed by the discovery rules under the FRCP. The Parties further reserve the right to seek changes to the discovery rules if the need arises.

### C. Electronic Discovery – "ESI"

The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action. All Parties will make efforts to preserve ESI in their possession, custody or control where the ESI may include information relevant to the litigation. The Parties' preservation of ESI will also be consistent with the obligation under the FRCP. In the event ESI is to be produced, the ESI may be produced in a form or forms in which is ordinarily maintained or in a reasonably usable form or forms. If the receiving party has an objection to the formatting of ESI received, that party must confer with the producing party prior to filing any motion or otherwise contacting the Court.

### D. Protective Order and Confidential Information

The Parties are filing concurrent herewith, a Stipulated Protective Order..

### E. Phased Discovery

The Parties do not request phased discovery.

### F. Discovery Outside of District of Nevada

The Parties do not anticipate the need for discovery outside the District of Nevada, other than as set forth in the deposition summary in section G, directly below. However, the Parties reserve their rights to seek discovery outside the District of Nevada pursuant to the FRCP should the need arise upon further investigation of the facts.

### G. Deposition Summary

The Parties agree to comply with FRCP 30.

Plaintiffs anticipate deposing Defendant Chaump. Plaintiffs intend to notice deposition(s) of Defendants' PMK(s) on topics specific to all allegations in the Complaint, with particularity and in respect to Plaintiffs' NRS 237.080 *et seq.* claims.

Defendants have not yet determined who they anticipate on deposing.

**H.     Initial Disclosures**

Initial disclosures pursuant to FRCP 26(a)(1)(A) will be disclosed no later than fourteen (14) calendar days after the Court enters an Order approving the proposed discovery plan and scheduling order.

**I.     Discovery Cut-Off**

In compliance with LR 26-1(b)(1) and LR 26-2 the Parties request additional time to complete discovery given the potential for motion practice, the nature of issues involved in the case, and because Plaintiff has asserted this case as a class action. The Parties propose the following discovery cut-off date to complete all discovery related to the scope of any class and/or subclasses, merits, and liability of 186 days from the date of the discovery conference or **Friday, September 4, 2020.**

**J.     Interim Status Report.**

In compliance with LR 26-3, the Parties shall submit an interim status report sixty (60) days prior to the close of Discovery or **Monday, July 6, 2020**.

**K.     Deadline to File Dispositive Motions**

Pursuant to LR 26-1(b)(4) and because the viability and scope of any class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a dispositive motion deadline at this time. The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial ten (10) days after the Court rules on any motion directly related to FRCP 23 class certification and/or decertification. An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification has been decided.

**L.     Extension of Scheduled Deadlines.** The Parties agree to comply with LR 26-4, which states: Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect and comply with LR 26-4.  Any motion or stipulation to extend or to reopen discovery shall include:

i.      A statement specifying the discovery completed.

ii.     A specific description of the discovery that remains to be completed.

iii.    The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and

iv.     A proposed schedule for completing all remaining discovery.

**M.     Deadline to Amend Pleadings/Add Parties**

The Parties propose that in accordance with LR 26-1(b)(2) the date for filing motions to amend pleadings or to add Parties shall not be later than ninety-one (91) days prior to discovery cut-off date or **Friday, June 5, 2020,** (the ninetieth day lands on a Saturday), unless otherwise permitted by the Court pursuant to the FRCP.

**N.     Deadline to Disclose Experts**

The Parties propose that in accordance with FRCP 26(a)(2) disclosures identifying expert witnesses shall be made ninety (90) days prior to discovery cut-off date or **Monday, June 8, 2020** and disclosures identifying rebuttal experts shall be made sixty (60) days after the disclosure of those experts, or **Friday, August 7, 2020.**

**O.     Motion for FRCP 23 Class Certification.**

The Parties propose that the filing of Plaintiffs' motion for class certification shall not be later than sixty days (60) days prior the discovery cut-off date or **Monday, July 6, 2020**.

1   Defendants shall file their opposition on or before **Monday, July 27, 2020.**  Plaintiffs shall file
2   their reply in support on or before **Monday, August 10, 2020.**

### P.   Deadline for Joint Pre-Trial Order

Pursuant to LR 26-1(b)(5) and because the viability and scope of any class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a pre-trial order deadline.  The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial ten (10) days after the Court rules on any motion directly related to FRCP 23 class certification.  An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification has been decided.

/ / /

### Q.   FRCP 26(A)(3) Disclosures

The Parties agree to include their disclosures required by FRCP 26(a)(3) and any objections thereto in the joint pretrial order.

### R.   Jury Trial

A jury trial has not been demanded.

### S.   ADR/Settlement Prospects

In compliance with LR 26-1(b)(7) the Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution process including mediation, arbitration, and neutral evaluation.  Given that this action is based on constitutional claims for declaratory and injunctive relief and as a putative class action, the Parties reserve the right to further confer about the possibility of using alternative dispute resolution processes at the close discovery.

In compliance with LR 26-1(b)(8) the Parties certify that they have considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01).

### T.   Trial Issues

1. *Proceeding before the magistrate judge:*  The Parties agree to timely file the requisite Form AO 85 should they intent to proceed before the magistrate judge.

2. *Bifurcation of trail:*  Plaintiffs do not request bifurcation or phasing of trial nor do they request shortening or expediating discovery, pre-trial motions or trial.

3. *Use of Electronic Evidence in Jury Trial*:  No jury trial has been demanded (ECF No. 1-1).  The Parties stipulate and agree that any electronic evidence will be prepared in compliance with LR 26-1(b)(9).

**U.    Final Pretrial Conference**

The Final Pretrial Conference shall be held two (2) weeks prior to the Trial Date.

/ / /

/ / /

/ / /

**V.    Trial Date**

Because this action has been brought is based on constitutional claims for declaratory and injunctive relief and as a putative class action, and because dispositive motions will likely be filed, the Parties believe setting a proposed trial date and length would be premature at this time.

Respectfully submitted,

| | |
|---|---|
| Dated:  February 21, 2020 | Dated:  February  21, 2020 |
| THIERMAN BUCK, LLP | RENO CITY ATTORNEY |
| */s/ Mark R. Thierman* | */s/ William J. McKean* |
| Mark R. Thierman, Nev. Bar No. 8285<br>Joshua D. Buck, Nev. Bar No. 12187<br>Leah L. Jones, Nev. Bar No. 13161<br>7287 Lakeside Drive<br>Reno, Nevada 89511<br>*Attorneys for Plaintiffs* | Karl Hall<br>Jonathan Shipman, Nev. Bar No. 5778<br>William E. Cooper, Nev. Bar No. 2213<br>William J. McKean, Nev. Bar No. 6740<br>Post Office Box 1900<br>Reno, NV 89505<br>*Attorneys for Defendants* |

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## ORDER

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2020.

_____
UNITED STATES MAGISTRATE JUDGE