**THIERMAN BUCK, LLP**
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
leah@thiermanbuck.com

*Attorneys for Plaintiffs*

**CITY OF RENO**
Reno City Attorney
Karl Hall
Assistant City Attorney
Jonathan Shipman, Nev. Bar No. 5778
Deputy City Attorney
William E. Cooper, Nev. Bar No. 2213
Deputy City Attorney
William J. McKean, Nev. Bar No. 6740
Post Office Box 1900
Reno, NV 89505
(775) 334-2050
shipmanj@reno.gov
cooperw@reno.gov
mckeanw@reno.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CATHERINE CASTELLANOS, LAUREN COURTNEY, RACHAEL JASPER, BRIANNA MORALES, VICTORIA RACHET, LILY STAGNER, NATALEE WELLS, CECELIA WHITTLE and MARYANN ROSE BROOKS, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF RENO and MICHAEL CHAUMP, in his official capacity as Business Relations Manager of Community Development and Business Licenses for the CITY OF RENO and DOES 1 through 10, inclusive,<br><br>Defendant(s). | Case No.: 3:19-CV-0693-MMD-CLB<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**First Request** |

Pursuant to Local Rule ("LR") IA 6-1 Plaintiffs CATHERINE CASTELLANOS, LAUREN COURTNEY, RACHAEL JASPER, BRIANNA MORALES, VICTORIA RACHET, LILY STAGNER, NATALEE WELLS, CECELIA WHITTLE and MARYANN ROSE BROOKS, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), by and through their counsel of record THIERMAN BUCK, LLP, and Defendants CITY OF RENO and MICHAEL CHAUMP (hereinafter "Defendants"), by and through their counsel of record, RENO CITY ATTORNEYS OFFICE, hereby request and stipulate for a ninety (90) days extension on all scheduling deadlines due to the novel coronavirus (COVID-19).

This is the Parties' first request for an extension of time. This request is not intended for delay, and is made in good faith.

**I.  PROPOSED UPDATED DISCOVERY PLAN AND SCHEDULING ORDER**

The Court approved the Parties Scheduling Order on March 2, 2020. *See* ECF No. 23. However, due to the issues related to COVID-19 and in an effort to allow both Parties to better manage their work, employee, and family commitments, as well as allows the Court to better manage its docket. The Parties propose that the Court adopt the following deadlines:

**A.  FRCP 26(f) and Initial Disclosures**

The Parties have timely provided initial disclosures.

**B.  Discovery Cut-Off**

The Parties current discovery cut-off date is September 4, 2020. The Parties propose to extend that deadline for 90 days to **Thursday, December 3, 2020.**

**C.  Interim Status Report.**

In compliance with LR 26-3, the Parties shall submit an interim status report fifty-nine (59) days prior to the close of Discovery or **Monday, October 5, 2020** (the sixtieth day lands on a Sunday).

**D.  Deadline to File Dispositive Motions**

There are currently no dispositive motion deadlines. Pursuant to LR 26-1(b)(4) and because the viability and scope of any class action has not been decided by the Court, it is the

Parties' position that it would be premature to establish a dispositive motion deadline at this time. The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial ten (10) days after the Court rules on any motion directly related to FRCP 23 class certification and/or decertification. An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification has been decided.

**E. Extension of Scheduled Deadlines.** The Parties agree to comply with LR 26-4, which states: Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect and comply with LR 26-4. Any motion or stipulation to extend or to reopen discovery shall include:

    i. A statement specifying the discovery completed.
    ii. A specific description of the discovery that remains to be completed.
    iii. The reasons why discovery remaining was not completed within the time limits set by the discovery plan; and
    iv. A proposed schedule for completing all remaining discovery.

**F. Deadline to Amend Pleadings/Add Parties**

The current deadline to amend pleadings/add parties is June 5, 2020. The Parties propose that the date for filing motions to amend pleadings or to add Parties propose to extend that deadline for 90 days to **Thursday, September 3, 2020,** unless otherwise permitted by the Court pursuant to the FRCP.

**G. Deadline to Disclose Experts**

THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

The current deadline to disclose expert witnesses is June 8, 2020 and disclosures identifying rebuttal experts is August 7, 2020. The Parties propose to extend the deadline for filing expert disclosures for ninety-two (92) days to **Tuesday, September 8, 2020** (the ninetieth days lands on a Sunday before the Labor Day Holiday) Rebuttal disclosures shall be made sixty-one (61) days after on **Monday, November 9, 2020** (the sixtieth day lands on a Sunday).

### H. Motion for FRCP 23 Class Certification.

The current deadlines for Plaintiff's motion for FRCP 23 class certification is July 6, 2020. The Parties propose Plaintiffs shall file their motion fifty-nine (59) days prior to the discovery cut-off date or **Monday, October 5, 2020.** Defendants shall file their opposition twenty-one (21) days later on or before **Monday, October 26, 2020.** Plaintiffs shall file their reply in support fourteen days later on or before **Monday, November 9, 2020.**

### I. Deadline for Joint Pre-Trial Order

There is currently no deadline for the Joint Pre-Trial Order. Pursuant to LR 26-1(b)(5) and because the viability and scope of any class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a pre-trial order deadline. The Parties propose that they confer and make a good faith effort to agree and submit an updated proposed scheduling order which includes deadlines regarding any additional interim status reports, dispositive motions, and trial ten (10) days after the Court rules on any motion directly related to FRCP 23 class certification. An updated scheduling order regarding relevant deadlines should be entered after FRCP class certification has been decided.

### J. FRCP 26(A)(3) Disclosures

The Parties agree to include their disclosures required by FRCP 26(a)(3) and any objections thereto in the joint pretrial order.

### K. Jury Trial

A jury trial has not been demanded.

### L. ADR/Settlement Prospects

In compliance with LR 26-1(b)(7) the Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution process including mediation, arbitration, and neutral evaluation. Given that this action is based on constitutional claims for declaratory and injunctive relief and as a putative class action, the Parties reserve the right to further confer about the possibility of using alternative dispute resolution processes at the close discovery.

In compliance with LR 26-1(b)(8) the Parties certify that they have considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01).

**M.    Trial Issues**

1. *Proceeding before the magistrate judge:* The Parties agree to timely file the requisite Form AO 85 should they intent to proceed before the magistrate judge.

2. *Bifurcation of trail:* Plaintiffs do not request bifurcation or phasing of trial nor do they request shortening or expediating discovery, pre-trial motions or trial.

3. *Use of Electronic Evidence in Jury Trial:* No jury trial has been demanded (ECF No. 1-1). The Parties stipulate and agree that any electronic evidence will be prepared in compliance with LR 26-1(b)(9).

**N.    Final Pretrial Conference**

The Final Pretrial Conference shall be held two (2) weeks prior to the Trial Date.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**O.     Trial Date**

Because this action has been brought is based on constitutional claims for declaratory and injunctive relief and as a putative class action, and because dispositive motions will likely be filed, the Parties believe setting a proposed trial date and length would be premature at this time.

Respectfully submitted,

Dated: March 30, 2020

THIERMAN BUCK, LLP

*/s/ Mark R. Thierman*
Mark R. Thierman, Nev. Bar No. 8285
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
7287 Lakeside Drive
Reno, Nevada 89511
*Attorneys for Plaintiffs*

Dated: March 30, 2020

RENO CITY ATTORNEY

*/s/_Karl Hall_____*
Karl Hall
Jonathan Shipman, Nev. Bar No. 5778
William E. Cooper, Nev. Bar No. 2213
William J. McKean, Nev. Bar No. 6740
Post Office Box 1900
Reno, NV 89505
*Attorneys for Defendants*

**ORDER**

**IT IS SO ORDERED.**

Dated this __31st__ day of _____March_____, 2020.

_____
UNITED STATES MAGISTRATE JUDGE