KARL S. HALL
Reno City Attorney
WILLIAM J. McKEAN
Deputy City Attorney
Nevada State Bar No. 6740
CHANDENI K. SENDALL
Deputy City Attorney
Nevada State Bar No. 12750
Post Office Box 1900
Reno, Nevada 89505
(775) 334-2050
*Attorneys for Defendants City of Reno and Michael Chaump*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE CASTELLANOS, LAUREN COURTNEY, RACHEL JASPER, BRIANNA MORALES, VICTORIA RACHET, LILY STAGNER, NATALEE WELLS, CECELIA WHITTLE, and MARYANN ROSE BROOKS, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF RENO and MICHAEL CHAUMP, in his official capacity as Business Relations Manager of Community Development and Business Licenses for the CITY OF RENO and DOES I through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:19-cv-00693-MMD-CLB<br><br>Related Prior Case No.:<br>   3:17-cv-00574-MMD-VPC<br><br>**DEFENDANTS CITY OF RENO AND MICHAEL CHAUMP'S OPPOSITION TO THIRD PARTIES' MOTION FOR PROTECTIVE ORDER (ECF 39)** |

Defendants City of Reno ("City") and Michael Chaump ("Chaump") (collectively, "Defendants" or the "City"), by and through their attorneys, Reno City Attorney Karl S. Hall,

1  and Deputy City Attorney William J. McKean, hereby submit their Opposition to Third Parties'
2  Motion for Protective Order, filed by Wild Orchid, Fantasy Girls, Spice House, The Men's Club,
3  and Pangborn & Co., Ltd. (the "Subpoenaed Non-Parties").  ECF 39.

## ARGUMENT

On July 21, 2020, the City served subpoenas on each of the Subpoenaed Non-Parties. **Exhibit 1** (Affidavits of Service).  On August 7, 2020, the named Plaintiffs in this case moved to quash the non-party subpoenas.  ECF 34.  The City responded on August 21, 2020, pointing out: (i) Plaintiffs lack standing to challenge the non-party subpoenas, and (ii) Plaintiffs failed to show the requested information is not relevant.  ECF 36.  The City also noted that ***only one*** of the Subpoenaed Non-Parties (Pangborn) had responded in any way to City's subpoenas.  *Id.*, Ex. 4.

Now, the Subpoenaed Non-Parties have filed the instant motion in an explicit attempt to cure the standing defect in Plaintiffs' motion to quash.  Such an attempt is unavailing.

First, not one of the Subpoenaed Non-Parties timely objected to the subpoenas.  FRCP 45(d)(2)(B) (objections to a document subpoena must be served in writing "before the earlier of the time specified for compliance or 14 days after the subpoena is served").  Accordingly, each of the Subpoenaed Non-Parties has waived any objections it may now wish to assert, and the City is entitled to all of the documents requested in the respective subpoenas.  *Munoz v. Chartis Property Cas. Co.*, No. 14-87, 2014 WL 3375509, at * 2 (D. Nev. July 7, 2014) (third-party corporate subpoena recipients waived all objections due to their failure to timely object pursuant to Rule 45; granting motion to compel and ordering that subpoena recipients produce full responses, without objection); *Avila v. Cate*, No. 09-918, 2013 WL 2456482, at * 3 (E.D. Cal. June 6, 2013) (holding that Magistrate Judge did not err in finding that third-party's objections to subpoena were untimely and therefore waived).

Second, Subpoenaed Non-Parties' motion fails to include any "certification that the movant has in good faith conferred or attempted to confer with other affected parties . . .." FRCP 26(c).  Accordingly, it should not be considered by the Court.  Local Rule 26-6(c).

Third, even if the motion were to be considered, the Subpoenaed Non-Parties have not met their burden.  Here, the Subpoenaed Non-Parties vaguely state that the "burden of

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

production is substantial," and "very intrusive into the affairs" of other persons.  ECF 39 at 2. Such amorphous assertions are insufficient bases for the issuance of a protective order.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130-31 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted") (internal citations omitted); *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting a protective order to provide "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm"). The Subpoenaed Non-Parties provide no specific bases as to how and why each document request is a "burden" or "very intrusive."

For the reasons stated above, the Court should deny Third Parties' Motion for Protective Order.

DATED this 18th day of September, 2020.

                                            KARL S. HALL
                                            Reno City Attorney

                                            By:     */s/ William J. McKean*
                                                    WILLIAM J. McKEAN
                                                    Deputy City Attorney
                                                    CHANDENI K. SENDALL
                                                    Deputy City Attorney
                                                    Post Office Box 1900
                                                    Reno, Nevada 89505
                                                    *Attorneys for Defendants City of Reno and Michael Chaump*

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

# CERTIFICATE OF SERVICE

Pursuant to LR IC 5-1, I certify that I am an employee of the RENO CITY ATTORNEY'S OFFICE, and that on this date, I am serving the foregoing document(s) on the party(s) set forth below by:

_____     Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____     Personal delivery.

___X___   CM/ECF electronic service, addressed as follows:

Mark R. Thierman, Esq.           *mark@thiermanbuck.com*
Joshua D. Buck, Esq.              *josh@thiermanbuck.com*
Leah L. Jones, Esq.               *leah@thiermanbuck.com*
THIERMAN BUCK, LLP
7287 Lakeside Drive
Reno, Nevada 89511

*Attorneys for Plaintiffs*

Eric M. Epstein, APC              *emepstein@aol.com*
1901 Avenue of the Stars, #1100
Los Angeles, California 90067

*Attorneys for Plaintiffs Rachael Jasper, Victoria Rachet, Maryanne Rose Brooks and Lily Stagner*

_____     Facsimile (FAX).

_____     Federal Express or other overnight delivery.

_____     Reno/Carson Messenger Service.

DATED this 18th day of September, 2020.

By:  */s/  Jeanette Sparks*
      Jeanette Sparks
      Legal Assistant

Reno City Attorney
P.O. Box 1900
Reno, NV 89505

**Exhibit List**

| Ex. | Document |
|-----|----------|
| 1   | Affidavits of Service |

Reno City Attorney
P.O. Box 1900
Reno, NV 89505