# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CATHERINE CASTELLANOS, et al., | 3:19-cv-00693-MMD-CLB |
| Plaintiff, | |
| v. | **ORDER** |
| CITY OF RENO, et al., | |
| Defendants. | |

This case involves a constitutional challenge of a city ordinance brought by Catherine Castellanos ("Castellanos"), Lauren Courtney ("Courtney"), Rachel Jasper ("Jasper"), Brianna Morales ("Morales"), Victoria Rachet ("Rachet"), Lily Stagner ("Stagner"), Natalee Wells ("Wells"), Cecelia Whittle ("Whittle"), and Maryann Rose Brooks ("Brooks") (collectively referred to as "Plaintiffs") against the City of Reno and Michael Chaump (collectively referred to as "Defendants" or "City"). Currently pending before the court is Defendants' motion to compel discovery and to deem requests for admission admitted. (ECF No. 32; 33). Plaintiffs responded (ECF No. 35) and Defendants replied (ECF No. 37).

## I. Factual Background and Procedural History

Plaintiffs are Adult Interactive Cabaret Performers[1] aged 18 to 21 who currently work in the City of Reno. (ECF No. 1). Plaintiffs allege that Reno Municipal Code (RMC) Chapters 4 and 5 were enacted in violation of NRS 237.080 and discriminate against female dancers in violation of the Fourteenth Amendment. (*Id.* at 5, 9). The Performers also allege that RMC 5.06.080 violates the First Amendment and discriminates on the basis of age in violation of the Fourteenth Amendment. (*Id.* at 18). In addition to the Plaintiffs' individual suit, the complaint seeks to bring a claim on behalf of all similarly

---

[1] "Adult Interactive Cabaret Performers" is a term of art used by the City of Reno to describe female dancers who dance topless. (ECF No. 1 ¶ 16).

situated Adult Interactive Cabaret performers currently working in Reno. (ECF No. 1 ¶ 97). The complaint seeks a certification of three separate classes: (1) all dancers age 18 to 21, (2) all female dancers, and (3) all patrons age 18 to 21. (*Id.* at ¶ 97(A)-(C)). After the parties stipulated to a discovery plan (ECF No. 23) and a protective order (ECF No. 21), the case proceeded to discovery.

### A. Motion to Compel and Motion to Deem Requests for Admissions Admitted

On March 9, 2020, the City served Plaintiffs with written discovery requests. (ECF No. 32 at 2). Plaintiffs Castellanos, Courtney, Jasper, Rachet, Stagner, and Brooks replied, while Plaintiffs Morales, Wells, and Whittle did not. (ECF No. 37 at 2). The written discovery requests include Interrogatories (ECF No. 32-1; 32-4; 32-7), requests for document production (ECF No. 32-2; 32-5; 32-8) and requests for admissions (ECF No. 32-3; 32-6; 32-9). On June 15, 2020 Defense counsel sent a letter to Plaintiffs' counsel stating that the City has not received a response to their discovery requests for these three plaintiffs. (ECF No. 32-10 at 4). Plaintiffs did not respond. Then, on June 30, 2020, Defense counsel sent an email to Plaintiffs' Counsel requesting a phone call to further discuss the discovery responses received and outstanding, in an effort to meet and confer. (*Id.* at 6). Plaintiff's Counsel again did not respond. On July 8, 2020, Defense counsel sent a second email requesting a phone call with Plaintiffs' counsel. (*Id.* at 8). Plaintiffs' counsel finally spoke with Defense counsel on July 22, 2020. During this discussion, Defense counsel stated their intent to file a motion to compel if Plaintiffs Morales, Wells and Whittle failed to respond to the outstanding discovery requests by August 2, 2020. (*Id.* at 11). Plaintiffs failed to respond by the August 2, 2020 deadline and Defendants filed the motions that are the subject of this order.

## II. Discussion

### A. Motion to Compel

The Federal Rules of Civil Procedure permit a party to "move for an order compelling an answer, designation, production, or inspection," if: "(i) a deponent fails to answer a question asked. . ., (ii) a corporation fails to make a designation. . . , (iii) a party

fails to answer an interrogatory under Rule 33, or (iv) a party fails to produce documents . . . requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(A)-(B). The motion to compel must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). The federal rules "provide that discovery requests must be responded to within 30 (or in some cases 45) days." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). Furthermore, "[i]t is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Id.*

Plaintiffs Morales, Wells, Whittle and their counsel completely failed to respond to the March 9 discovery. (ECF No. 32). In their response to the motion to compel Plaintiffs' counsel did not oppose the motion. Rather, as defense counsel points out, Plaintiffs' counsel simply makes a veiled attempt at withdraw as counsel for these Plaintiffs.[2] (ECF No. 35). Plaintiffs have not responded to the Defendants' March 9 discovery within the time permitted by the rules and consequently have waived all objections. See *Richmark*, 959 F.2d at 1473. In fact, Plaintiffs' failure to respond to the discovery requests made months ago and their failure to come forth with any justification for the delay borderlines bad faith conduct inconsistent with the rules governing civil discovery. Thus, due to Plaintiffs' blatant disregard to the rules and spirit of civil discovery, the court grants the defendants motion to compel.

**B. Motion to Deem Requests Admitted**

Under Rule 36(a) a matter is deemed admitted "unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed

---

[2] This is improper. First, the court agrees that counsel may not abandon his client on the courthouse steps by urging the court to dismiss these plaintiffs without prejudice. (*See* ECF No. 35). If Plaintiffs' counsel wishes to withdraw, he must do so by filing a separate motion to withdraw, in compliance with the Local Rules. *See* Fed. R. Civ. P. 7(b)(1); LR IA 11-6(b).

3

by the party or by the party's attorney." Fed. R. Civ. P. 36(a). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission' pursuant to Rule 36(b)." *Conlon v. United states*, 474 F.3d 616, 621 (9th Cir. 2007) (citing Fed. R. Civ. P. 36(b)). Plaintiffs Morales, Wells and Whittle have failed to respond in any manner to Defendants' March 9 request for admissions. (ECF No. 37 at 2). Therefore, Defendants' motion to deem requests for admission admitted is also granted.

### III. Conclusion

Consistent with the discussion above, **IT IS ORDERED** that Defendant's Motion to Compel (ECF No. 32) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiffs Morales, Wells and Whittle must respond to the discovery request within **THIRTY (30) DAYS** from the date of this order; and

**IT IS FURTHER ORDERED** that Defendants' Motion to Deem Requests for Admission Admitted (ECF No. 33) is **GRANTED**.

DATED: October 8, 2020.

_____
UNITED STATES MAGISTRATE JUDGE