UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CATHERINE CASTELLANOS, *et al.*, | Case No. 3:19-cv-00693-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| CITY OF RENO, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

Plaintiffs[1] sued Defendants the City of Reno and Michael Chaump to challenge the City's regulations affecting adult interactive cabarets ("AICs") and AIC performers (commonly known as strip clubs and strippers, respectively). Before the Court is Defendants' motion for reconsideration (ECF No. 75 ("Motion"))[2] of the Court's September 19, 2022 order (ECF No. 73 ("Prior Order")) granting in part Plaintiffs' motion for partial summary judgment (ECF No. 62). Before the Court is also Plaintiffs' response to the Court's order to show cause ("OSC") regarding standing (ECF No. 76).[3] Because the Court agrees with Defendants that Plaintiffs lack standing to seek declaratory relief voiding the minimum age restriction for AIC performers (Reno Municipal Code ("RMC") § 5.06.080(b)), the Court grants the Motion. The Court also finds that Plaintiffs have not made the requisite showing of standing as to the other challenged amendments of RMC Chapter 5.06 and that Brooks has failed to demonstrate standing in this action.

---

[1] Catherine Castellanos, Lauren Courtney, Rachael Jasper, Brianna Morales, Victoria Rachet, Lily Stagner, Natalee Wells, Cecelia Whittle, and Maryann Rose Brooks.

[2] Plaintiffs responded (ECF No. 79), and Defendants replied (ECF No. 81).

[3] Defendants responded to Plaintiffs' response to the OSC. (ECF No. 80.)

## II. BACKGROUND

Plaintiffs Castellanos, Courtney, Jasper, Morales, Rachet, Stagner, Wells, and Whittle are AIC performers (also referred to as dancers), and Plaintiff Brooks is an AIC patron. (ECF No. 1 at 1-2.) Plaintiffs were all between the ages of 18 and 21 at the commencement of this action. (*Id.*) Plaintiffs appear to challenge the May 8, 2019 amendments to RMC §§ 5.06.050 to 5.06.110, particularly RMC § 5.06.080(b), and assert four claims in their Complaint: (1) "Equal Protection – Gender Discrimination"; (2) "Equal Protection – Age Discrimination"; (3) "Regulatory Taking Without Just Compensation"; and (4) "Denial of Due Process – NRS 237.080 and 237.090." (*Id*. at 27-39.) The Court previously dismissed Plaintiffs' equal protection gender discrimination claim without prejudice for lack of standing. (ECF No. 73 at 25.)

On January 7, 2022, Plaintiffs moved for partial summary judgment declaring the 2019 amendments to RMC §§ 5.06.050-5.06.110 void under NRS 237.140. (ECF No. 62 at 1.) As pertinent to the motion, those provisions regulate the following with regards to AICs: lighting (RMC § 5.06.070), performers' minimum age (RMC § 5.06.080(b)), private rooms (RMC § 5.06.080(h)), video monitoring (RMC § 5.06.090), policies and procedures (RMC § 5.06.100), and responsibilities of licensees (RMC § 5.06.110). Because Plaintiffs largely focused their arguments on the minimum age requirement (RMC § 5.06.080(b)), the Court analyzed the motion only as to that amendment. The Court found that RMC § 5.06.080(b) is a "rule" under NRS § 237.060 that requires a business impact statement ("BIS") before it can be adopted and that the BIS was inadequate as to RMC § 5.06.080(b). (ECF No. 73 at 13, 15.) The Court therefore found RMC § 5.06.080(b) void and granted the motion only as to RMC § 5.06.080(b). (*Id.* at 15, 25.) Defendants now move to reconsider the Court's decision to declare RMC § 5.06.080(b) void in the Prior Order. (ECF No. 75.)

In that same order, because it was not clear to the Court how the other challenged amendments have caused injury to Plaintiffs, the Court directed Plaintiffs to show cause as to their standing to challenge these other amendments. (ECF No. 73 at 24-25.) The

Court also directed Plaintiffs to show cause as to why Brooks, the lone patron among the Plaintiffs, has standing in this action. (*Id.* at 25.)

**III.     DISCUSSION**

The Court first addresses Defendants' Motion, then Plaintiffs' response to the OSC.

**A.     Motion for Reconsideration**

Reconsideration is an "extraordinary remedy" that should be used sparingly. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citation omitted). Defendants request that the Court reconsider whether Plaintiffs have standing to seek declaratory relief to void the minimum age amendment because Plaintiffs are all over the age of 21 and therefore their declaratory relief claims are moot. (ECF No. 75 at 8-9.) As further explained below, the Court finds that Defendants' Motion presents a "valid reason" why the Court should reconsider its Prior Order and sets forth facts and law of a "strongly convincing nature" to persuade the Court to do so.

Article III standing is a jurisdictional question that may be raised at any time, that cannot be waived, and that district courts may consider *sua sponte*. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000); *see, e.g., City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (notwithstanding the fact that plaintiff had standing to pursue damages, he lacked standing to pursue injunctive relief). "Article III of the United States Constitution limits federal court jurisdiction to 'actual, ongoing cases or controversies.'" *Wolfson v. Brammer*, 616 F.3d 1045, 1053 (9th Cir. 2010) (citations omitted). "A case or controversy must exist at all stages of review, not just at the time the action is filed." *Id.* (citing *Alvarez v. Smith*, 558 U.S. 87 (2009)). "A case may become

moot after it is filed, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Id.* (citations omitted).

Challenges to age-bound provisions seeking declaratory or injunctive relief generally become moot when the plaintiffs have aged out and are no longer subject to the challenged provision. *See Craig v. Boren*, 429 U.S. 190, 192 (1976) (finding moot a plaintiff's claim for declaratory and injunctive relief against enforcement of statutes prohibiting the sale of 3.2% beer to males under the age of 21 and to females under the age of 18 after the male plaintiff reached the age of 21); *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 939 (9th Cir. 1997) (stating that minors' claims against enforcement of a juvenile curfew ordinance, which made it unlawful for anyone under 18 to "loiter" in public places between certain hours, "would become moot once they reach age eighteen").

Here, Plaintiffs sought declaratory relief voiding RMC §5.06.080(b), which prohibits any person, including employees and performers, under the age of 21 years from being admitted to or allowed to remain on the premises of an AIC where alcohol is provided, served, sold, or consumed. (ECF No. 62.) According to evidence in the record, the Court finds that Plaintiffs are all currently at least 21 years old and were likely all at least 21 years old at the time Plaintiffs moved for partial summary judgment declaring the minimum age amendment void.[4] Plaintiffs do not dispute that they are all at least 21 years old now and were at least that age at the time they moved for partial summary judgment. (ECF No. 79.) Accordingly, Plaintiffs are no longer subject to RMC § 5.06.080(b) and

---

[4]Castellanos (ECF No. 63-2 at 3) and Stagner (ECF No. 63-11 at 3) were born in 2000 and are currently at least 22 years old. Courtney (ECF No. 63-4 at 3), Jasper (ECF No. 63-6 at 3-4), Morales (ECF No. 63-8 at 2), Rachet (ECF No. 63-9 at 3), Wells (ECF No. 63-13), and Whittle (ECF No. 63-14) were born in 1999 and are currently at least 23 years old. Based on their birth years, all dancer Plaintiffs were at least 21 years old at the time they moved for partial summary judgment on January 7, 2022. (ECF No. 62.) Plaintiffs alleged that Brooks was between 18 and 21 years of age at the time the Complaint was filed on November 18, 2019 (ECF No. 1 at 2), which means Brooks is currently at least 21 years old. Brooks is the only Plaintiff for whom the evidence is unclear as to whether she was at least 21 years old at the time Plaintiffs moved for partial summary judgment, but it is more likely than not that she was.

therefore no longer maintain standing to seek declaratory relief voiding the minimum age restriction.

Plaintiffs appear to argue that the "capable of repetition, yet evading review" exception to the mootness doctrine applies. (ECF No. 79 at 7 n.4.) However, that exception does not apply here because it requires the following two circumstances be "simultaneously present": (1) "the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration"; and (2) "there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Wolfson*, 616 F.3d at 1053-54. And without deciding whether the first circumstance is met, the Court finds that the second circumstance is plainly not met because Plaintiffs are all at least 21 years old and therefore there is no reasonable expectation that they would be again subjected to the enforcement of RMC § 5.06.080(b).

Plaintiffs' other standing arguments are similarly not persuasive. Plaintiffs argue that dancers over 21 have standing to enjoin and declare RMC § 5.06.080(b) unlawful "since the lack of under 21 year olds at an AIC will decrease the size of the audience who can be solicited into buying dances from those dancers over 21." (ECF No. 79 at 7.) Plaintiffs rely on a declaration by Kamy Keshmiri to support that argument, but the declaration is too conclusory in stating that "the presence of dancers under 21 helps the dancers over 21 earn more money." (ECF No. 79-5 at 4.) Moreover, the alleged economic injury is too attenuated without more evidentiary support. Plaintiffs also argue that they have standing to assert a procedural right under NRS § 237.140. (ECF No. 79 at 8.) "To establish procedural standing, the plaintiff must show: (1) that it has been accorded a procedural right to protect its concrete interests, and (2) that it has a threatened concrete interest that is the ultimate basis of its standing." *Churchill Cnty. v. Babbitt*, 150 F.3d 1072, 1078 (9th Cir. 1998). But again, Plaintiffs no longer have a "threatened concrete interest" in declaring RMC § 5.06.080(b) void because they are no longer subject to the minimum age restriction. Lastly, Plaintiffs argue in conclusory fashion that they have standing because RMC § 5.06.080(b) harmed their "First Amendment rights to watch under 21

5

year old dancers perform at a Reno AIC that serves alcohol." (ECF No. 79 at 9.) The Court finds this argument unpersuasive because RMC § 5.06.080(b) does not completely prevent Plaintiffs from viewing semi-nude dancing, and Plaintiffs have failed to demonstrate an objectively reasonable injury from not being able to view AIC performers under the age of 21 in an AIC that serves alcohol.

Because the Court finds that Plaintiffs lack standing to request declaratory relief as to RMC § 5.06.08(b), the Court grants Defendants' Motion and vacates the part of its Prior Order granting summary judgment declaring that RMC § 5.06.080(b) is void.[5] To be clear, however, Plaintiffs (excluding Brooks[6]) still retain standing as to their claims for damages related to RMC § 5.06.080(b).

### B. Response to Order to Show Cause as to Standing

As a threshold matter, Plaintiffs' response to the OSC appears to include a motion to conform the pleadings to the facts under Federal Rule of Civil Procedure 15 and a renewed motion for preliminary injunction. (ECF No. 76 at 1.) The Court denies both motions. First, these motions improperly exceed the scope of the Court's OSC as to standing. *See Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). ("District courts have inherent power to control their dockets."). Next, these motions violate Local Rule IC 2-2(b), which states, "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Moreover, Plaintiffs cite to Rule 15(b)(2), but motions to conform pleadings to the facts under Rule 15(b)(2) only apply to amendments during and after trial, and there has been no trial in this case. (ECF No. 76 at 3 n.1.) Finally, Plaintiffs make no argument directed towards why they are entitled to preliminary injunction.

---

[5] Having so decided, the Court need not—and does not—address Defendants' remaining arguments for reconsideration or alternative motion to certify questions to the Nevada Supreme Court.

[6] As explained further below, in response to the OSC, Plaintiffs fail to demonstrate that Brooks has standing to assert a damages claim as to RMC § 5.06.080(b).

In the OSC, the Court ordered Plaintiffs to show cause why Plaintiffs have standing to challenge the amendments to RMC Chapter 5.06 other than the minimum age requirement because "beyond general and speculative loss-of-revenue arguments, Plaintiffs devote no further argument to establish standing specifically as to these other amendments." (ECF No. 73 at 24-25.) The Court also ordered Plaintiffs to show cause why Brooks has standing because "Brooks has not faced a loss of income as the other Plaintiffs have." (*Id.* at 25.) Plaintiffs' response to the OSC is not responsive to the Court's concern with the lack of specificity and concreteness of Plaintiffs' alleged economic injury as a result of these other amendments. Plaintiffs do not address loss of income at all in their arguments[7] but instead raise other arguments that are insufficient to demonstrate standing. Plaintiffs also fail to respond to the Court's concern that Brooks lacks standing to seek damages as to the minimum age restriction.

First, Plaintiffs appear to broadly argue that they face a credible threat of future prosecution giving rise to an ongoing injury. (ECF No. 76 at 9.) But as Defendants argue (ECF No. 80 at 13) and the Court agrees, the challenged provisions of RMC Chapter 5.06 are plainly not enforceable against AIC performers or patrons and only impose penalties

---

[7]While not discussed in their arguments, Plaintiffs do proffer a declaration by one of the dancer Plaintiffs, Jasper, that indicates she is "informed that the May 8, 2019 amendments to the Reno Municipal Code are the reasons [she is] not allowed to do lap dances on the floor," and as a result, "[she] believe[s] [she] ha[s] lost the opportunity to earn money." (ECF No. 76-3 at 2.) It is unclear to the Court how the amendments to RMC Chapter 5.06 "prevent lap dances on the floor," as Plaintiffs have not specifically pointed out which amendment operates in that way. It is plausible that RMC § 5.06.080(g)'s "no fondling" provision "prevents lap dances on the floor," but Plaintiffs did not specifically raise that amendment in their Complaint and motion for partial summary judgment nor was this amendment contemplated in the Court's OSC. In any event, these statements are too conclusory and speculative.

Jasper also indicates that she will make less money if "the clubs will be forced to tell everyone that they are under video surveillance by the City of Reno." (ECF No. 76-3 at 2.) Without more, these statements are also too conclusory and speculative. Moreover, none of the other dancer Plaintiffs submitted declarations regarding these other amendments and any associated loss of income.

Plaintiffs also proffer previously-submitted deposition testimonies from Castellanos, Courtney, Stagner, Jasper, and Rachet, but these deposition transcripts only discuss loss of their jobs and income from the passage of the minimum age amendment, not any of the other amendments. (ECF No. 76-1 at 14-41.)

against AIC operators. *See* RMC §§ 5.06.050-5.06.110. Plaintiffs therefore cannot demonstrate standing based on a "credible threat of future prosecution" under these amendments.

Next, as to the video monitoring amendment (RMC § 5.06.090), Plaintiffs make arguments only as to Brooks' standing as a patron. Plaintiffs argue that mandatory video monitoring and government access to that video injures patrons such as Brooks by chilling First Amendment conduct and also gives rise to a violation of Fourth Amendment rights. (ECF No. 76 at 9-13.) While these may be plausible injuries, they are not related to the scope of Plaintiffs' claims in the Complaint, which are equal protection, regulatory taking, and due process claims largely based on the minimum age amendment. (ECF No. 1.) In fact, there are no specific allegations in the Complaint challenging the video monitoring amendment. Plaintiffs may not now rely on these new theories to demonstrate standing. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir.2000) (plaintiff could not proceed with new theory not pled in complaint); *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir.2010) (holding that a party "may not effectively amend its Complaint by raising a new theory of standing" at the summary judgment stage) (citation omitted).

As to the amendments requiring brighter lighting (RMC § 5.06.070) and banning private rooms (RMC § 5.06.080(h)), Plaintiffs raise arguments that these provisions "interfere with the artistic content of [dancers'] performances" and "with the right of patrons and dancers to communicate in private," respectively. (ECF No. 76 at 16.) Again, these alleged injuries are not tied to the claims and allegations in the Complaint. Moreover, the Court finds these arguments tenuous and is not persuaded that these alleged injuries constitute concrete "invasions of legally protected interests" sufficient to demonstrate standing. *See Arizona State Legislature v. Arizona Independent Redistricting Com'n*, 576 U.S. 787, 799-800 (2015). As to RMC § 5.06.100 (AIC policies and procedures) and RMC § 5.06.110 (responsibilities of AIC licensees), those amendments only directly apply to AIC operators, and Plaintiffs' argument that these provisions impact them "because it

makes it harder for them to work in . . . an AIC" is too conclusory and attenuated to confer standing. *See* RMC §§ 5.06.100-5.06.110. Lastly, Plaintiffs do not make any arguments as to why Plaintiffs have standing to challenge RMC §§ 5.06.050 and 5.06.060, which also only directly impact AIC operators.

In sum, Plaintiffs bear the burden of demonstrating standing for each form of relief requested and have failed to make the requisite showing of standing to challenge RMC §§ 5.06.050-5.06.110, except for RMC § 5.06.080(b) for damages as explained above. See *Friends of the Earth*, 528 U.S. at 185. Plaintiffs have also failed to demonstrate why Brooks has standing to challenge any of the amendments to RMC Chapter 5.06. Accordingly, the Court dismisses Brooks's claims without prejudice from this action and dismisses without prejudice Plaintiffs' claims to the extent they challenge RMC §§ 5.06.050-5.06.110, except for RMC § 5.06.080(b) for damages.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendants' motion for reconsideration (ECF No. 75) is granted.

It is further ordered that the Court's September 19, 2022 order (ECF No. 73) is vacated as to the portion that relates to the Court granting summary judgment declaring that RMC § 5.06.080(b) is void.

It is further ordered that Plaintiff Maryann Rose Brooks is dismissed without prejudice from this action for failure to demonstrate standing.

It is further ordered that Plaintiffs' claims to the extent they challenge RMC §§ 5.06.050-5.06.110, except for RMC § 5.06.080(b) for damages, are dismissed without prejudice for failure to demonstrate standing, as specified herein.

It is further ordered that the pending motions for summary judgment (ECF Nos. 85, 86) are denied without prejudice because this order affects the arguments presented in these two motions. Denial is without prejudice to the parties filing a renewed dispositive motion in light of this order within 30 days.

DATED THIS 5th Day of April 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE