FILED

NOV 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CATHERINE CASTELLANOS; et al.,<br><br>  Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF RENO; MICHAEL CHAUMP, in his official capacity as Business Relations Manager of Community Development and Business Licenses for the City of Reno,<br><br>  Defendants-Appellees. | No.   23-15692<br><br>D.C. No.<br>3:19-cv-00693-MMD-CLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted November 13, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.

---

  [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs-appellants (collectively "Castellanos") appeal the district court's order (1) denying Castellanos's renewed motion for a preliminary injunction; (2) dismissing all claims, except the Reno Municipal Code (RMC) §5.06.080(b) damages claim, for lack of standing, and dismissing Plaintiff Brooks for lack of standing; and (3) granting Defendants-appellees' (collectively "the City") motion for reconsideration.  We have jurisdiction to consider the appeal of the preliminary injunction denial under 28 U.S.C.A. § 1292(a)(1), and we affirm.  Because we lack jurisdiction over the district court's rulings regarding standing and the motion for reconsideration, we reach only the preliminary injunction issue and dismiss the remainder of the appeal.

1. The district court did not err by denying Castellanos's renewed motion for preliminary injunction.  First, Castellanos's motion was procedurally improper.  Castellanos included the motion in her response to the district court's Order to Show Cause (OSC) as to standing, thus exceeding the scope of the OSC and violating the district court's requirement that a separate document be filed "for each type of relief requested or purpose of the document."  D. Nev. LR. IC 2-2(b).  District courts have discretion to reject filings that fail to comply with their local rules.  *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and

enforcing local rules."); *see also United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

Second, the district court properly concluded that Castellanos did not carry her burden of persuasion because her motion did not address the merits of granting a preliminary injunction. A party seeking a preliminary injunction must carry the burden of persuasion "by a clear showing." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (internal quotation marks, emphasis, and citation omitted). To do so, she must establish that her claim satisfies the four "*Winter* factors": "[1] that [s]he is likely to succeed on the merits, [2] that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in h[er] favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Castellanos's motion did not address the *Winter* factors. Castellanos's newly raised arguments discussing the merits of her motion in her appellate briefing are considered waived. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) ("[A]n issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (quoting *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012))). Accordingly, we affirm.

2. We lack jurisdiction over the district court's rulings regarding standing and the motion for reconsideration. These rulings are not "final" judgments under 28 U.S.C.A. § 1291 because they preserve Castellanos's damages claim challenging RMC § 5.06.080(b). *See* 28 U.S.C. § 1291 ("[C]ourts of appeals ... have jurisdiction of appeals from all final decisions of the district courts"); *see also* Fed. R. Civ. Pro. 54(b) (providing that absent certification by the district court, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . ."); *see also Prellwitz v. Sisto*, 657 F.3d 1035, 1038 (9th Cir. 2011) ("[T]he district court's order was not final because it did not dispose of the action as to all claims between the parties"). Nor are they appealable interlocutory orders under 28 U.S.C.A. § 1292. Castellanos's argument that the standing ruling is reviewable as a component of the preliminary injunction denial misstates the basis for the district court's preliminary injunction denial, which was not based on standing. In addition, we are unpersuaded by Castellanos's contention that "delay itself creates an appealable order in First Amendment cases" because Castellanos has not provided any showing of judicial delay. Accordingly, we dismiss Castellanos's appeal as to all issues except the preliminary injunction, due to lack of jurisdiction.

**AFFIRMED in part; DISMISSED in part.**