UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CATHERINE CASTELLANOS, *et al.*,

Plaintiffs,

v.

CITY OF RENO, *et al.*,

Defendants.

Case No. 3:19-cv-00693-MMD-CLB

ORDER

## I.    SUMMARY

Plaintiffs sued Defendants to challenge the City's regulations affecting adult interactive cabarets ("AICs") and AIC performers (commonly known as strip clubs and strippers, respectively).[1] Before the Court are Defendants' motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 98)[2] and motion for partial summary judgment (ECF No. 92).[3] As explained below, the Court denies the partial motion to dismiss and grants the motion for partial summary judgment.

## II.   BACKGROUND

Plaintiffs are AIC performers and were between the ages of 18 and 21 years old at the commencement of this action. (ECF No. 1 at 1-2.) Plaintiffs challenge the May 8, 2019 amendments to the Reno Municipal Code ("RMC" or the "Code"), RMC §§ 5.06.050-5.06.110—particularly the minimum age restriction under RMC § 5.06.080(b)—and assert four causes of action: (1) "Equal Protection – Gender Discrimination"; (2) "Equal

---

[1]Plaintiffs are Catherine Castellanos, Lauren Courtney, Rachael Jasper, Brianna Morales, Victoria Rachet, Lily Stagner, Natalee Wells, and Cecelia Whittle. Defendants are the City of Reno (the "City") and Michael Chaump. The Court previously dismissed Plaintiff Maryann Rose Brooks, an AIC patron, without prejudice from this action for failure to demonstrate standing. (ECF No. 89 at 9.)

[2]Plaintiffs responded (ECF No. 101), and Defendants replied (ECF No. 102).

[3]Plaintiffs responded (ECF No. 96), and Defendants replied (ECF No. 97).

1   Protection – Age Discrimination"; (3) "Regulatory Taking Without Just Compensation";
2   and (4) "Denial of Due Process – NRS 237.080 and 237.090." (*Id*. at 27, 32, 35, 37.)

3          The Court previously dismissed Plaintiffs' equal protection gender discrimination
4   claim without prejudice for lack of standing (ECF No. 73 at 25) and declared RMC §
5   5.06.080(b) as void (*id*. at 15). After Defendants moved for reconsideration, the Court
6   vacated its prior order to the extent it granted summary judgment declaring that RMC §
7   5.06.080(b) is void. (ECF No. 89 at 9.) The Court also dismissed without prejudice
8   Plaintiffs' claims to the extent they challenge RMC §§ 5.06.050-5.06.110, except for RMC
9   § 5.06.080(b) for damages, for failure to demonstrate standing to assert those claims.
10  (*Id.*)

11  **III.    DISCUSSION**

12          The Court first addresses the Rule 12(b)(1) motion, then the motion for partial
13  summary judgment.

14          **A.    Rule 12(b)(1) Motion for Partial Dismissal**

15          Defendants move to dismiss Plaintiffs' damages claim for the fourth cause of
16  action—denial of due process—as to RMC § 5.06.080(b). (ECF No. 98 at 2.) Defendants
17  argue that Plaintiffs lack standing to assert that claim, which requires dismissal for lack of
18  subject matter jurisdiction under Rule 12(b)(1). (*Id*. at 3.) As an initial matter, the Court
19  finds unpersuasive Plaintiffs' counterargument that this motion is untimely (ECF No. 101
20  at 2, 5) because Article III standing is a jurisdictional question that may be raised at any
21  time, *see Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011).

22          As to standing, Defendants make several interrelated arguments: (1) Plaintiffs
23  have no redressable injury and their damages claim is not ripe for review because existing
24  state law—NRS §§ 202.030 and 202.060—mandates the age requirement in RMC §
25  5.06.080(b); (2) Nevada state law preempts any contrary law previously or currently
26  adopted by the City; and (3) any damages remedy will not change the application of state
27  law imposing the same restrictions upon Plaintiffs. (ECF No. 98 at 5-7.)

28

1    The Court finds Defendants' arguments unpersuasive. First, it is unclear to the
2  Court how conflict preemption leads to the conclusion that Plaintiffs' damages claim is not
3  ripe or that there is no redressable injury. Regardless of whether Nevada state law
4  preempted the City's prior provision allowing adults under 21 years of age to perform at
5  an AIC serving alcohol or whether it preempts RMC § 5.06.080(b), those provisions were
6  and are in effect such that the City had issued AIC performer business licenses to adults
7  under 21 years old[4]—including Plaintiffs—and then effectively prohibited those
8  individuals from continuing to perform at AICs in Reno under RMC § 5.06.080(b). Plaintiffs
9  therefore suffered a plausible injury in fact—loss of income—from the City's actions. The
10 City cannot now use the doctrine of conflict preemption to pretend that its actions under
11 its own provisions it followed could not have caused such injury. Under their remaining
12 claim for damages as to the due process claim, Plaintiffs are seeking compensatory
13 damages for past injuries, not challenging the application of laws imposing age
14 restrictions on them. And indeed, a damages remedy could redress Plaintiffs' alleged
15 injuries.

16    Accordingly, the Court denies Defendants' Rule 12(b)(1) motion to dismiss
17 Plaintiffs' damages claim for denial of due process as to RMC § 5.06.080(b).[5] To the
18 extent Defendants contend "there is arguably no procedural defect under the business
19 impact statement requirements" (ECF No. 102 at 5), the Court reminds Defendants that
20 it already ruled on this question and found that the City's relevant business impact

23 [4]As Plaintiffs point out (ECF No. 101 at 8), during briefing at the attempted class
24 certification stage of this case, both parties made reference to a confidential list produced
by Defendants containing 44 names of female adults under 21 years old to whom the City
25 had issued business licenses to perform in an AIC before the passage of RMC § 5.06.080(b). (ECF No. 52 at 3; ECF No. 55 at 5; ECF No. 49-1 at 3.) The Court may
26 consider such evidence because "[w]hen a district court rules on a Rule 12(b)(1) motion, unlike a 12(b)(6) motion, it may consider affidavits or other extra-pleading evidence."
27 *United States v. LSL Biotechnologies*, 379 F.3d 672, 700 n.13 (9th Cir. 2004) (citation omitted).

28    [5]Having so decided, the Court need not—and does not—address Plaintiffs' counterarguments that are not already explicitly addressed here.

3

1    statement was inadequate as to RMC § 5.06.080(b). (ECF No. 73 at 16.) The question of

2    Plaintiffs' damages caused by that due process violation still remains.

3            But to be clear, Plaintiffs' damages claim under the fourth cause of action is only

4    proceeding as to five Plaintiffs—Castellanos, Courtney, Jasper, Rachet, and Stagner—

5    because the Court now finds that Plaintiffs Morales, Wells, and Whittle lack standing to

6    assert this claim.[6] The Court previously ruled that Morales, Wells, and Whittle have been

7    deemed to have admitted that they did not obtain AIC performer business licenses.[7] (ECF

8    No. 60 at 9 n.6; ECF No. 46 at 4.) Plaintiffs themselves appear to concede that Morales,

9    Wells, and Whittle do not have viable damages claims by excluding them by name when

10   stating in their response to Defendants' motion for partial summary judgment that "Plaintiff

11   Dancers, Catherine Castellanos, Lauren Courtney, Rachael Jasper, Victoria Rachet, and

12   Lily Stagner, continue to have a valid claim for monetary damages." (ECF No. 96 at 15.)

13   In any event, because Morales, Wells, and Whittle have been deemed to have admitted

14   that they did not obtain AIC performer business licenses, they could not have legally

15   suffered an injury, such as a loss of income, from the passage of RMC § 5.06.080(b).[8]

16   Accordingly, the Court dismisses Morales, Wells, and Whittle's claim under the fourth

17   cause of action for lack of standing.

18           **B.     Motion for Partial Summary Judgment**

19           Defendants move for partial summary judgment as to Plaintiffs' second and third

20   causes of action—their equal protection age discrimination claim and regulatory taking

21   without just compensation claim. (ECF No. 92 at 2.) The Court analyzes each in turn

22   further below.

23

24   _____

25           [6]Article III standing is a jurisdictional question that may be raised at any time, that
     cannot be waived, and that district courts may consider *sua sponte*. *See Chapman*, 631

26   F.3d at 954.

27           [7]Defendants correctly point this out in their motion for partial summary judgment
     albeit as to a different claim. (ECF No. 92 at 20.)

28           [8]To the extent Plaintiffs have made other standing arguments as to these Plaintiffs,
     the Court has previously found them unpersuasive.

As an initial matter, the Court finds that Plaintiffs' opposition (ECF No. 96) is largely unresponsive to Defendants' motion, attempts to re-hash arguments and claims that the Court already dismissed, and is generally unpersuasive and unhelpful to the Court. First, Plaintiffs confusingly argue that Defendants' motion attempts to limit the Court's review to just the original complaint and that it is too late for Defendants to make this motion based solely on the pleadings. (ECF No. 96 at 5-6.) To be clear, Defendants' motion properly relies on evidence in the record, the Court will look at the entire record where relevant at this summary judgment phase, and Defendants' motion was timely filed in accordance with the Court's deadlines (ECF No. 83 (scheduling order); ECF No. 89 at 10 (leave to file renewed dispositive motions)). Moreover, it is appropriate that Defendants' motion substantially concerns questions of law regarding Plaintiffs' claims and theories as alleged in the complaint, particularly where there does not appear to be any material factual disputes.

As if to challenge the Court's prior rulings on standing, rather than specifically respond to Defendants' motion, Plaintiffs appear to argue that: (1) they have standing to assert all their claims as to all of the RMC Chapter 5.06 amendments (ECF No. 96 at 7, 11); (2) they have standing to request injunctive relief as to RMC § 5.06.080(b)[9] (*id.* at 10-11); (3) Plaintiff Brooks has a claim for nominal damages (*id.* at 15); and (4) they have standing to claim all of the amendments void under NRS § 237.140 due to the inadequate business impact statement (*id.* at 18). The Court already gave Plaintiffs an opportunity to demonstrate standing where the Court had concerns (ECF No. 73 at 26) and has previously ruled that: (1) Plaintiffs did not maintain standing to seek declaratory and injunctive relief as to RMC § 5.06.080(b) under their business impact statement claim (ECF No. 89 at 6); (2) Plaintiffs failed to demonstrate standing to challenge all of the other RMC Chapter 5.06 amendments (*id.* at 9); and (3) Plaintiffs have failed to demonstrate why Brooks has standing to challenge any of the amendments (*id.*). The Court therefore

---

[9]To the extent this broad argument was directed at Defendants' arguments as to Plaintiffs' lack of standing to assert their equal protection age discrimination claim, it is also addressed below.

1    has already dismissed Brooks from this action and dismissed Plaintiffs' claims to the

2    extent they challenge RMC §§ 5.06.050-5.06.110, except for RMC § 5.06.080(b) for

3    damages. (*Id.*) Plaintiffs now present many of the same conclusory arguments that the

4    Court already found unpersuasive, as well as arguments improperly raised for the first

5    time that could have been raised earlier. The Court disregards all of these arguments on

6    these already resolved issues.[10]

7            Plaintiffs also confusingly argue that "vacating the prior declaratory judgment that

8    RMC 5.06.080(b) is void under NRS 234.140 creates a chilling effect on First Amendment

9    rights because it is now uncertain whether Plaintiffs must obey that statute." (ECF No. 96

10   at 14.) To be clear, because the Court vacated its prior order to the extent it declared

11   RMC § 5.06.080(b) void (ECF No. 89 at 6, 9), RMC § 5.06.080(b) has not been declared

12   void and is currently in effect. There should further be no such uncertainty because, as

13   far as these Plaintiffs are concerned, the minimum age restriction in RMC § 5.06.080(b)

14   no longer even applies to them as they are all at least 21 years old.[11] (*Id.* at 4 n.4.)

15

16

17

18

19

20

21          [10]The proper vehicle for Plaintiffs' challenge to the Court's prior rulings would have
     been a motion for reconsideration. By presenting such arguments in their opposition to
22   summary judgment, Plaintiffs violate LR IC 2-2, which states, "[f]or each type of relief
     requested or purpose of the document, a separate document must be filed and a separate
23   event must be selected for that document." But in any event, Plaintiffs' arguments fail to
     meet the reconsideration standard. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255,
24   1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented
     with newly discovered evidence, (2) committed clear error or the initial decision was
25   manifestly unjust, or (3) if there is an intervening change in controlling law."); *Brown v.*
     *Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) ("A motion for
26   reconsideration is not an avenue to re-litigate the same issues and arguments upon which
     the court already has ruled.").

27          [11]The Court cautions Plaintiffs' counsel not to waste its time and resources with
     briefing that is unresponsive and that appears to feign ignorance of the Court's prior
28   rulings.

1

## 1. Equal Protection Age Discrimination & First Amendment Claim[12]

2

3    The Court first addresses Defendants' standing arguments as to the second cause

4    of action, then the merits of Plaintiffs' two theories of equal protection violation under this

5    claim.

6    ### a. Standing

7    Defendants first argue that Plaintiffs lack standing to assert their equal protection

8    age discrimination claim because it is based on the minimum age restriction and all

9    Plaintiffs are now over 21 years old. (*Id.* at 11.) The Court agrees with Defendants but

10   only to the extent that Plaintiffs are requesting declaratory or injunctive relief under this

11   claim. The Court incorporates by reference its analysis in its prior order granting

12   Defendants' motion for reconsideration and determining that Plaintiffs have "aged out"

13   and no longer have standing to seek declaratory relief voiding the minimum age restriction

14   under their due process claim. (ECF No. 89 at 3-5.) For the same reasons, the Court finds

15   that, because Plaintiffs are all over 21 years old, they no longer maintain standing to seek

16   declaratory relief in challenging the minimum age restriction under their equal protection

17   age discrimination claim.

18   As for Plaintiffs' standing to seek damages under this claim, Defendants argue that

19   Plaintiffs also lack standing to seek compensatory relief because when the City

20   conformed its Code to NRS § 202.030,[13] its action did not exacerbate or impact Plaintiffs'

21   inability to work in an AIC under state law. (ECF No. 92 at 13.) This argument is essentially

22   a reformulation of Defendants' "conflict preemption" argument made in their Rule 12(b)(1)

23   motion to dismiss, which the Court found unpersuasive as discussed above. Again, even

24   _____

25   [12]Plaintiffs' second cause of action is styled as an "equal protection age
     discrimination" claim (ECF No. 1 at 32), but it appears to include a hybrid equal protection

26   and First Amendment claim not involving age discrimination. The Court therefore
     construes, as Defendants do (ECF No. 92 at 4), that Plaintiffs are alleging two separate

27   theories under the second cause of action.

28   [13]NRS § 202.030 "punishe[s] by fine" any person under 21 years of age who
     "loiter(s) or remain(s) on the premises of any saloon where spirituous, malt or fermented
     liquors or wines are sold."

1    assuming NRS § 202.030 mandates the minimum age restriction in RMC § 5.06.080(b),

2    the City's actions before and through the enactment of RMC § 5.06.080(b) did in fact

3    materially impact Plaintiffs' ability to work in an AIC and plausibly caused a loss of income.

4    The Court therefore finds that Plaintiffs have standing to seek damages for their equal

5    protection age discrimination claim and next analyzes the merits of this damages claim.

6                          **b.     Equal Protection and Age Discrimination**

7            "The Equal Protection Clause of the Fourteenth Amendment commands that no

8    State shall 'deny to any person within its jurisdiction the equal protection of the laws,'

9    which is essentially a direction that all persons similarly situated should be treated alike."

10   *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). Plaintiffs allege that

11   "[o]n its face RMC 5.06.080(b) distinguishes and treats differently adults over 21 from

12   adults under 21" who seek to perform at an AIC serving alcohol. (ECF No. 1 at 19.)

13   Defendants argue that this claim fails because the City has a rational basis to treat these

14   groups differently as a legislative classification based on age and under the secondary

15   effects doctrine. (ECF No. 92 at 13.) Plaintiffs counter that strict scrutiny or intermediate

16   scrutiny applies because RMC Chapter 5.06 regulates First Amendment-protected erotic

17   dancing.[14] (ECF No. 96 at 19.)

18           Defendants correctly point out that the Supreme Court has held that "[s]tates may

19   discriminate on the basis of age without offending the Fourteenth Amendment if the age

20   classification in question is rationally related to a legitimate state interest." *See Kimel v.*

21   *Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000). On the other hand, Plaintiffs vaguely but

22   appear to argue that RMC 5.06.080(b) is a content-based restriction on First Amendment

23   speech—specifically topless female dancing—because it applies only to AICs serving

24

25           [14]The Court again reminds Plaintiffs that it has already dismissed Plaintiffs' claims
     to the extent they challenge the provisions of RMC Chapter 5.06 other than RMC §
26   5.06.080(b) for failure to adequately demonstrate standing. The Court therefore
     disregards Plaintiffs' arguments that RMC § 5.06.090 violates the Fourth Amendment.
27   (ECF No. 96 at 20-21). In any event, that argument is unpersuasive because it is not
     tethered at all to Plaintiffs' underlying complaint, which does not allege a Fourth
28   Amendment violation nor even specifically mention RMC § 5.06.090.

1    alcohol, and therefore, "the Court should use the highest applicable standard."[15] (ECF

2    No. 96 at 19.)

3        "A law is content-based rather than content-neutral if 'the main purpose in enacting

4    it was to suppress or exalt speech of certain content, or it differentiates based on the

5    content of speech on its face.'" *Long Beach Area Peace Network v. City of Long Beach*,

6    574 F.3d 1011, 1024 (9th Cir. 2009) (quoting *A.C.L.U. of Nevada v. City of Las Vegas*,

7    466 F.3d 784, 793 (9th Cir. 2006)). Plaintiffs make no further argument about how RMC

8    § 5.06.080(b) meets this definition, and the Court finds that on its face it differentiates

9    based on age but not on content of speech.[16] The Court is also not persuaded that RMC

10   § 5.06.080(b)'s "main purpose" was to suppress speech of certain content, given the

11   City's stated purpose of "protect[ing] those under the age of 21 from remaining and

12   loitering in saloons where alcohol is served on premises" (ECF No. 92 at 15) and the fact

13   that RMC § 5.06.080(b) does not prohibit most adults—those 21 years of age and older—

14   from engaging in topless female dancing at an AIC serving alcohol. Accordingly, the Court

15   finds that RMC § 5.06.080(b) is not a content-based restriction and rational basis review

16   applies.

17       Defendants assert that RMC § 5.06.080(b) is "rationally supported by the City's

18   and State's inherent police powers to uphold the public's health, safety, and general

19   welfare and to protect those under the age of 21 from remaining and loitering in saloons

20   where alcohol is served on premises." (*Id.*) "The rationality commanded by the Equal

21   Protection Clause does not require States to match age distinctions and the legitimate

22   interests they serve with razorlike precision." *Kimel*, 528 U.S. at 83. "[W]hen conducting

23

24       [15]Plaintiffs' additional footnote that the Nevada Constitution purportedly requires
25   "heightened or intermediate scrutiny on the allegations of government age and
     sex/gender discrimination" (ECF No. 96 at 19 n.18) is irrelevant here, as these are plainly
26   federal constitutional law claims.

27       [16]RMC § 5.06.080(b) states: "No person, whether patron, performer, or otherwise,
     under the age of 18 years shall be admitted to, or permitted to remain on the premises of,
28   an adult interactive cabaret. No person, including employees and performers, under the
     age of 21 years shall be admitted to, or allowed to remain on the premises of, an adult
     interactive cabaret wherein alcohol is provided, served, sold, or consumed."

1    rational basis review, '[courts] will not overturn such [government action] unless the

2    varying treatment of different groups or persons is so unrelated to the achievement of any

3    combination of legitimate purposes that we can only conclude that the [government's]

4    actions were irrational.'" *Id.* at 84. "[B]ecause an age classification is presumptively

5    rational, the individual challenging its constitutionality bears the burden of proving that the

6    'facts on which the classification is apparently based could not reasonably be conceived

7    to be true by the governmental decisionmaker.'" *Id.* (citations omitted).

8          The Court cannot conclude that the City's actions were "irrational." The Court finds

9    that the City's stated purposes of upholding the public's health, safety, and general

10   welfare and of protecting those under 21 years old are legitimate and sufficiently related

11   to RMC § 5.06.080(b), which prohibits any person under 21 years of age from being

12   admitted or allowed to remain on the premises of an AIC serving alcohol. Simply because

13   RMC § 5.06.080(b) only regulates AICs—which the City has argued was meant to bring

14   the Code into compliance with Nevada state law—does not render the City's passage of

15   RMC § 5.06.080(b) irrational. Plaintiffs have not met their burden to demonstrate that the

16   City's basis for the age classification "could not reasonably be conceived to be true." *See*

17   *Kimel*, 528 U.S. at 84. Accordingly, the Court finds that Plaintiffs' equal protection age

18   discrimination claim fails as a matter of law.

19                        **c.    Equal Protection and First Amendment**

20         Plaintiffs also appear to allege that, under RMC 5.06.080(b), adults under 21 years

21   old who seek to perform in an AIC serving alcohol are unconstitutionally treated

22   differently—*i.e.*, denied their First Amendment right of free expression to perform as an

23   AIC dancer—from adults under 21 years old who are permitted to work at non-AIC

24   businesses serving alcohol (*e.g.*, restaurants). (ECF No. 1 at 19, 32-33). Defendants

25   argue that this theory fails because the two groups that Plaintiffs seek to compare are not

26   similarly situated. (ECF No. 92 at 16.) Plaintiffs do not respond directly to this argument.

27   As explained below, the Court agrees with Defendants.

28

"The first step in equal protection analysis is to identify the state's classification of groups." *Country Classic Dairies, Inc. v. Milk Control Bureau*, 847 F.2d 593, 596 (9th Cir. 1988). "The groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005); *see also Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995) ("[I]t is necessary to identify a 'similarly situated' class against which the plaintiff's class can be compared.").

Under this theory, the alleged differential treatment is that adults under 21 years old who seek to perform in an AIC serving alcohol are denied their right to engage in topless female dancing. However, that theory fails because the alleged comparison group, adults under 21 years old who work at non-AIC businesses serving alcohol, similarly do not have a right to engage in topless female dancing at their places of employment because those establishments are not AICs. *See Thornton*, 425 F.3d at 1167 (finding groups are not similarly situated where "the City is not imposing a burden on the [first group] that it does not also impose on [the second group]"). Stated differently, Plaintiffs' comparison groups are not similarly situated because they are not seeking to work at similarly situated establishments—the key difference being that AIC establishments are required to obtain a specific AIC operator's license under RMC § 5.06.030 that other establishments are not. *See id.* (finding groups not similarly situated where "there is nothing in the record to indicate that any of the other businesses . . . are either sufficiently comparable . . . or subject to the same state licensing requirements").

Accordingly, because Plaintiffs fail to satisfy the first prong of the equal protection analysis, the Court finds that their hybrid equal protection and First Amendment claim fails as a matter of law.

### 2.    Regulatory Taking Without Just Compensation Claim

As to Plaintiffs' third cause of action, Defendants first argue that Plaintiffs Morales, Wells, Whittle, and Courtney lack standing to assert this claim because they did not hold

1   active AIC performer business licenses from which they could derive income at the time

2   RMC § 5.06.080(b) went into effect on May 8, 2019. (ECF No. 92 at 20.) Plaintiffs do not

3   directly address this argument nor do they dispute that these four Plaintiffs did not hold

4   an active AIC performer business license at that time.

5         Under this claim, Plaintiffs allege that by the enactment of the May 8, 2019

6   amendments, in particular RMC § 5.06.080(b), Defendants have "deprived" Plaintiffs of

7   "all economically viable use" of their AIC performer licenses and taken Plaintiffs' property

8   without just compensation in violation of the Fifth and Fourteenth Amendments of the

9   Constitution, as well as Article 1, Section 8(6) of the Nevada Constitution. (ECF No. 1 at

10   36.) As mentioned above and as Defendants correctly point out (ECF No. 92 at 20), the

11   Court previously ruled that three Plaintiffs—Morales, Wells, and Whittle—have been

12   deemed to have admitted that they did not obtain AIC performer business licenses. (ECF

13   No. 60 at 9 n.6; ECF No. 46.) Because of this admission, Morales, Wells, and Whittle do

14   not maintain standing to assert a claim based on the regulatory taking of the economically

15   viable use of an AIC performer business license. The Court therefore dismisses Morales,

16   Wells, and Whittle's regulatory taking claims for lack of standing.

17         As for Courtney, Defendants point out that discovery disclosed that she did not

18   apply for an AIC performer business license until about three months after RMC §

19   5.06.080(b) went into effect. (ECF No. 92 at 20; ECF No. 92-2 at 2.) While it is true that

20   Courtney did not apply and pay for her license until August 16, 2019, it appears that the

21   City nevertheless approved her license on the same day.[17] This means that Courtney,

22   under 21 years old at the time, presumably could have performed in an AIC that does not

23   serve alcohol, as the City posits (ECF No. 92 at 15). But because all AICs in Reno serve

24   alcohol, as the City acknowledges (*id.* at 13), Courtney could not lawfully use her AIC

25   business license as a result of the enactment of RMC § 5.06.080(b). The Court finds this

26

27        [17]On Courtney's AIC performer business license application, there is a stamp
    indicating the application was received by the City of Reno Business License Division on

28   August 16, 2019. (ECF No. 92-2 at 2.) Under the "Official Use Only" section, it notes
    Courtney's license number, that Courtney paid $85.00 for the license, and that her license
    was effective starting August 1, 2019 and set to expire on July 31, 2020. (*Id.*)

1    to be sufficient to confer Courtney standing to assert a regulatory taking claim based on

2    the alleged deprivation of the economically viable use of her business license.

3            For the remaining five Plaintiffs with standing to bring this claim—Castellanos,

4    Courtney, Jasper, Rachet, and Stagner—Defendants argue that no regulatory taking

5    occurred because a City-issued AIC performer business license does not constitute a

6    vested property right to earn money. (ECF No. 92 at 21.) Plaintiffs allege that they have

7    a "vested property right in the stream of income to be derived from their ability to perform

8    as a licensed [AIC performer] within the City of Reno" and that "[t]he value of that property

9    right is the present value of [their] future income to be expected." (ECF No. 1 at 22.)

10           "The Takings Clause protects property interests created by independent sources

11   such as state law, but does not itself create property interests." *Angelotti Chiropractic,*

12   *Inc. v. Baker*, 791 F.3d 1075, 1081 (9th Cir. 2015) (citation omitted). "The property interest

13   must be 'vested.'" *Id.* "To determine whether a property interest has vested for Takings

14   Clause purposes, 'the relevant inquiry is the certainty of one's expectation in the property

15   interest at issue.'" *Bowers v. Whitman*, 671 F.3d 905, 913 (9th Cir. 2012) (citation

16   omitted). "[I]f the property interest is 'contingent and uncertain' or the receipt of the interest

17   is 'speculative' or 'discretionary,' then the government's modification or removal of the

18   interest will not constitute a constitutional taking." *Id.* (citing *Engquist v. Oregon Dep't of*

19   *Agric.*, 478 F.3d 985, 1003-04 (9th Cir. 2007), *aff'd sub nom. Engquist v. Oregon Dep't of*

20   *Agr.*, 553 U.S. 591 (2008)).

21           Plaintiffs do not respond directly to Defendants' argument except to vaguely cite

22   to *Minton v. Bd. of Med. Examiners*, 881 P.2d 1339 (Nev. 1994), which noted that "the

23   right to practice medicine" is a constitutionally protected property right and does not

24   pertain to the type of alleged property right here. (ECF No. 96 at 22 n.18.) The Court finds

25   that Plaintiffs' "expected future stream of income" derived from holding an AIC performer

26   business license is necessarily contingent, uncertain, and speculative in many respects.

27   Moreover, AIC performer licenses fall under the category of "privileged licenses" in Title

28   5 of the Code, and RMC § 5.05.007 plainly states, "Any license or permit issued pursuant

1   to the provisions of this title is a revocable privilege, and no holder acquires any vested

2   right therein or thereunder." Such characterization as a "revocable privilege" indicates the

3   discretionary and non-mandatory nature of Plaintiffs' alleged entitlement. *See AJ Sloan,*

4   *Inc. v. Holloway*, Case No. 2:15-cv-02436-GMN-VCF, 2017 WL 1042462, at *4 (D. Nev.

5   Mar. 16, 2017) (similar analysis); *Wedges/Ledges of Cal., Inc. v. City of Phoenix, Ariz.*,

6   24 F.3d 56, 62 (9th Cir. 1994) ("A reasonable expectation of entitlement is determined

7   largely by the language of the statute and the extent to which the entitlement is couched

8   in mandatory terms."). More significantly, if holding an AIC performer business license

9   itself does not confer a vested property right, then there is certainly no vested property

10  right in an expected future stream of income derived from use of that license. Because

11  Plaintiffs have failed to demonstrate a vested property right under the Takings Clause,

12  the Court finds that Plaintiffs' regulatory taking claims fail as a matter of law.[18]

13          In sum, the Court grants Defendants' motion for partial summary judgment as to

14  Plaintiffs' second and third causes of action.[19] To be clear, the only remaining claim

15  proceeding to trial is Plaintiffs Castellanos, Courtney, Jasper, Rachet, and Stagner's

16  fourth cause of action on the issue of damages.

17  **IV.    CONCLUSION**

18          The Court notes that the parties made several arguments and cited to several

19  cases not discussed above. The Court has reviewed these arguments and cases and

20  determines that they do not warrant discussion as they do not affect the outcome of the

21  motions before the Court.

22

23

24          [18]The same analysis applies to Plaintiffs' regulatory taking claims under the Nevada Constitution. *See Reinkemeyer v. Safeco Ins. Co. of Am.*, 16 P.3d 1069, 1072

25  (2001) (stating the Nevada Constitution's Takings Clause "virtually mirror[s] the language in the United States Constitution," and Nevada therefore "look[s] to federal caselaw for

26  guidance" to interpret the state's takings clause).

27          [19]Because the Court finds that Plaintiffs' second and third causes of action fail as a matter of law, the Court need not—and does not—address Defendants' arguments that

28  Defendant Michael Chaump, in his official capacity as Business Relations Manager of Community Development and Business Licenses for the City, is entitled to qualified immunity. (ECF No. 92 at 2-3 n.3.)

It is therefore ordered that Defendants' partial Rule 12(b)(1) motion to dismiss (ECF No. 98) is denied.

It is further ordered that Defendants' motion for partial summary judgment (ECF No. 92) is granted.

It is further ordered that Plaintiffs Brianna Morales, Natalee Wells, and Cecelia Whittle's claims are dismissed from this action without prejudice. The Clerk of Court is directed to update the docket accordingly.

The Clerk of Court is further directed to update the docket to reflect that Plaintiff Maryann Rose Brooks's claims were dismissed in accordance with the Court's prior April 5, 2023 order (ECF No. 89).

It is further ordered that, under LR 16-5, the Court finds that it is appropriate to refer this case to United States Magistrate Judge Carla L. Baldwin to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date the settlement conference is held.

DATED THIS 22nd Day of January 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE